J. C. THOMPSON v. SAN ANTONIO & ARANSAS PASS RAILWAY CO.

No. 628.

**1. Railroad Commission—Judicial Notice—Presumption.**

The courts will not take judicial cognizance of the acts of the State Railroad Commission, and there is no presumption that it has established freight rates over any particular road.

**2. Same—Pleading—Matter of Defense.**

In an action against a railway company for breach of a freight contract, the petition need not allege that the rate stipulated by the contract was that established by the commission, since it is a matter of defense to show wherein the contract was illegal.

**3. Same—Freight Contract—Consideration.**

The contract of a railway company to carry freight at certain rates is not void as being an agreement to do what it was legally required to do by the railroad commission act, and hence without consideration, since a lawful contract may be made for less rates than those prescribed by the commission.

**4. Railway Company—Connecting Lines—Verbal Contract of Shipment.**
In railway contracts of shipment, the connecting lines are deemed to be the agents of the contracting lines, and hence a verbal contract with a railway company for shipment over its own and connecting lines is not inhibited by the statute of frauds, as being a promise to answer for the default or miscarriage of another.

Appeal from Bee. Tried below before Hon. S. S. Grimes.

*J. C. Crisp, Dugat & Mimms,* and *Clark & Fuller,* for appellant.
1. The court could not judicially know the rate and classification for each road in the State fixed by the commission, or that the commission had classified or fixed a rate for any particular article. The contract alleged is presumed lawful, and the burden is on defendant to show the contract was forbidden by penal law.

2. While the court would judicially know that a commission was created, organized, and had prescribed rules and rates generally, it could not know any particular rule, or the rate established on any particular road for any certain article or class of goods.

3. Until the commission had fixed a classification and rates for each class for that road, or after the suspension of such classification, rates and regulations, the defendant was not restrained in making contracts for shipment of freight, and could not defend this suit even by showing the contract was a discrimination against other shippers. See Commission Law, Acts 1891, pp. 55 to 65; and especially sec. 3, p. 57; sec. 4, p. 58; sec. 8, p. 59; sec. 15 c, on page 63, and sec. 20, p. 64; Tucker v. Streetman, 38 Texas, 74; Giddings v. Steele, 28 Texas, 758; Williams v. Talbot, 27 Texas, 169; Conley v. Railway, 44 Texas, 581; Edwards v. Davis, 3 Texas, 325-330; Lake v. Wofer, 16 Texas, 571; McGhee Irr. Co. v. Hudson, 85 Texas, 590; Bishop v. Johnson & Petty, 28 Texas, 319; 1 Greenl. Ev., secs. 34, 35, 80, 480; Sayles' (new) Pleadings, secs. 357, 363; Railway v. Robards, 60 Texas, 545.

*Proctors,* for appellee.—1. Appellant's petition showed a suit on a contract made while the Railway Commission Act of this State was in force, by which appellee was required to transport certain produce at certain fixed rates, and did not allege that said rates were those established by the Railway Commission of Texas, or that said contract was authorized or ratified by the Railway Commission. Railroad Commission Act, sec. 3, sub-divisions A, B, C; Sayles' Supp. pp. 774 to 777; Reagan v. Farmers Loan and Trust Co., 154 U. S., 397; Railway v. Wellman, 143 U. S., 339; Railway v. Minnesota, 134 U. S., 460; propositions 1 and 5 of the concurring opinion of Justice Miller.

2. The contract sued upon was based upon no consideration whatever, and is therefore void, because same was only an agreement to do what appellant was legally compellable to do, and could confer no greater rights on the appellee than upon any other shipper, not a party to the contract. Anson on Contracts, 85.

3. So far as this contract related to interstate shipments, it is a

suit upon a contract expressly declared to be verbal, and being in effect a contract to answer for the default or miscarriage of other carriers, it is void, because not in writing.

JAMES, CHIEF JUSTICE.—The District Court sustained certain special exceptions to the petition in this case. There appears to be no contention on this appeal that it did not state a cause of action apart from the effect claimed for the act of 1891 creating the Railroad Commission.

The substance of the petition is, that in the early part of 1893 plaintiff purposed planting a crop of watermelons for market, when he and the railway company, the latter knowing his purpose, entered into a contract by which the latter agreed, upon the maturing of the crop in the summer of that year, to furnish cars and transport the same at the rate of thirty cents per hundred pounds to all Texas points, forty cents to all points outside of Texas south of the Missouri River, and fifty cents to points in Colorado, and to furnish plaintiff or some one for him free transportation with each shipment, etc. That plaintiff, relying on this contract, planted and raised a crop of watermelons, and that defendant wholly failed to carry out its contract when they were ready and tendered for shipment, by reason of which he suffered the damages for which he sued.

The exceptions sustained were as follows:

1. Special exception: That the petition shows a suit in a contract made while the Railway Commission of this State was in force, by which defendant was required to transport certain produce at fixed rates, and does not allege that any of said rates were those established by the Railway Commission, or that said contract was authorized or ratified by said Railway Commission.

2. Special exception: That the petition sets up a contract made in February, 1893, whereby defendant agreed to furnish, at a time then several months distant, cars for transportation of watermelons to points in Texas at a fixed rate, and defendant says it had no capacity to enter into any such contract, because the power to fix rates was expressly conferred upon the Railway Commission of Texas then in the full exercise of its powers, and also because the exercise of any such power by defendant was penalized by the Railway Commission Act, designed to further objects of public policy as to the regulation of such common carriers.

3. Special exception: That said contract as to shipments at fixed rates to points in Texas being void, the whole of said contract fails, because the same is indivisible.

We do not concur in any of these exceptions.

The rates alleged as agreed on to points in Texas were not less for a shorter than for a longer distance, and were not violative of article 14, clause C, of the Railroad Commission Act.

It is true the Act went into force in 1891, but assuming that the commission has been in active discharge of its duties ever since that

date, the courts cannot presume, in the absence of a contrary showing, that it had established rates governing the transportation of commodities over defendant's road; and if we are not correct in this, and such presumption does obtain, there is nothing in this petition that goes to show that the rates contracted for were different from those thus fixed.

The courts are not required to take judicial cognizance of the acts of the commission. Article 20 of the Act. It was not the intention of the act to abolish the right of railway companies to make contracts, from and after its passage.

The petition not disclosing any violation of law in the contract made, it was a matter of defense to show wherein it was illegal.

It is contended by appellee that the contract was void also because it was an agreement to do what appellee was legally required to do, and by virtue of the effect of the commission act, the contract was without consideration to support it. This position would be entitled to weight if the law was such that a railway could charge for transportation only at some rate previously fixed by the commission, no more and no less. But this is not the statute. The Act, as we understand it, even where rates have been fixed, does not enjoin the railway company from charging a less rate than the commission has named, provided it makes no discrimination, (articles 14 and 15), and therefore, even in cases where the commission has fixed the rates for a railway company, it cannot be said that it is powerless to make contracts for transportation.

Appellee makes the further proposition that, so far as the contract related to interstate shipments, it is a suit upon a contract expressly declared to be verbal, and being in effect a contract to answer for the default or miscarriage of other carriers, it is void because not in writing, and the court should have sustained appellant's sixth special exception. The proposition is unsound in this, that in railway contracts of shipment the connecting lines are deemed to be the agents of the contracting line. Hutchinson on Carriers, sec. 145.

It is not necessary to say what effect the invalidity of the contract for delivery of the freight in Texas would have had on the contract so far as it related to shipments beyond the State.

The petition was good as against the demurrers, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 18, 1895.