H. V. FABER and Homer E. Dysart, Plaintiffs,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant.

Civ. A. 303.

United States District Court
S. D. Texas,
Victoria Division.

April 15, 1957.

the yellow part, under the name of Texas Sanitation and Pest Control; that when defendant published a new directory, on August 29, 1954, the name was changed, without plaintiffs' authority or knowledge, to Dysart Pest Control Company; that this has resulted in loss of business to plaintiffs' damage in the sum of $7,500.

Defendant denies that the change in name listing was without authority from plaintiffs but says that even if it was, defendant had promulgated valid Rules and Regulations, applicable to all customers' telephone contracts whereby its liability is limited "to the amount of actual impairment of the customer's service, and in no event shall it exceed the amount paid for the service during the period covered by the Directory in which the error or omission occurs."

Upon pre-trial defendant asserted additionally that the alleged contract for the classified ad in the yellow part of the directory contained a similar limitation. Plaintiffs deny execution of such a contract by their authority. In that event it would seem that plaintiffs have no contract for classified advertising for the 1954 directory and must stand upon the alleged unauthorized change in their telephone listing alone.

A telephone company has a right to establish reasonable rules and regulations and a limitation of liability like that involved here is presumed to be reasonable and valid, the burden being on plaintiffs to allege and prove that it is unreasonable. Kelly v. Southwestern Bell Telephone Co., Tex.Com.App., 248 S.W. 658. Such limitations of liability have been upheld without exception. Russell v. Southwestern Bell Tel. Co., D. C.Tex., 130 F.Supp. 130; 86 C.J.S. Tel. & Tel., Radio & Television, § 265, pp. 272–273, and cases cited in the footnotes. Of course, an unreasonable limitation does not bind the subscriber. Apparently in those states where a telephone company is regulated by a state commission which has approved such a limitation of liability the question of reasonableness is primarily for such commis-

Ritchey & Ritchey, Victoria, Tex., for plaintiffs.

Dean G. Ostrum, Dallas, Tex., Stofer, Proctor, Houchins & Anderson, Victoria, Tex., for defendant.

ALLRED, District Judge.

Plaintiffs, resident citizens of Texas, sued defendant, a foreign corporation, in the state district court for $7,500 damages. The action was duly removed to this court by reason of diversity of citizenship and amount in controversy.

Plaintiffs allege that prior to publication of defendant's 1954 telephone directory they had an established and lucrative business, listed in such directory, carrying a paid advertisement in

sion;[1] but in states (such as Texas) where there is no such regulation, the question of reasonableness is for the court. Here there are no pleadings to support a finding that the limitation in question is unreasonable. While particularity in pleadings is not usually required in federal court, I shall require plaintiffs to plead in detail any facts which would justify me in holding the limitation unreasonable. Otherwise, the court holds that the measure of damages is limited as claimed by defendant.

The Clerk will notify counsel.

1. McTighe v. New England T. & T. Co., 2 Cir., 216 F.2d 26.