Earl D. BYRD, Appellant,

v.

Hector TREVINO–BERMEA, Appellee.

No. 11060.

Court of Civil Appeals of Texas.

Austin.

April 3, 1963.

Turner & Seaberry, Eastland, for appellant.

Gerald D. Becker, Eagle Pass, Norman Barr, San Angelo, for appellee.

HUGHES, Justice.

Hector Trevino-Bermea sued his employer, Earl D. Byrd, for damages for burns received by him February 7, 1959, when fire destroyed the workers' living

quarters on a ranch operated by Mr. Bryd in Tom Green County.

Trial to a jury resulted in verdict and judgment for appellee, Hector Trevino-Bermea.

Appellee was a Mexican National and was working for Mr. Byrd under what is known as a bracero contract. He was employed as an ordinary ranch hand. He was furnished living quarters and his board. The living quarters consisted of a bedroom and kitchen, with an opening between them, but no door. The bedroom was furnished with beds, other furniture, and an iron wood stove for heating. The kitchen was equipped with a gas cook stove, the gas supply being stored in a butane tank or bottle located just outside the kitchen wall. It is disputed as to whether the connection from the gas tank went directly to the stove in the kitchen or whether it went first through the bedroom, then to the kitchen.

The weather was cold on the night of the fire, probably freezing temperature. Appellee was alone on the ranch when the fire occurred. He testified that he was asleep in the bedroom, which was then heated by the wood stove, when an explosion awoke him. He testified that there was a "pipe of gas that was burning my breast" when he awoke. He made his escape from the burning building through a window. There is evidence, however, from which a fact finding could have been made that appellee was not burned as he testified, but was only burned when he went back into the burning house and fell down.

Appellant's first point is that the Court erred in refusing to submit the following requested special issue:

"Do you find from a preponderance of the evidence that Hector Trevino-Bermea exposed himself to the dangers of the fire in question?"

The Court did submit this issue:

"Do you find from a preponderance of the evidence that the Plaintiff, Hector Trevino-Bermea, knowingly exposed himself to the dangers of the fire in question on the occasion in question?"

The jury answered "No" to this issue and conditional and subsidiary issues of negligence and proximate cause were not answered.

The only material difference between the two issues is the use of the word "knowingly" in the submitted issue.

■ It is our opinion that the Court erred in refusing to submit the requested issue.

■ Appellant had pleaded that appellee was negligent in exposing himself to the dangers of the fire, and that such negligence was the proximate cause of his injuries. As above shown, there was evidence to warrant the submission of this issue. The rule is that a defendant is entitled to a submission of all issues well pleaded which are supported by the evidence and which constitute a complete defense if answered favorably to the defendant. 41–B, Tex.Jur., p. 468.

If the jury should find that appellee entered the burning building and that this was an act of negligence proximately causing his injuries, the defense of contributory negligence would be complete.

■ The word "knowingly", as used, is inappropriate to the issue of negligence. It is appropriate to an issue of assumed risk. Negligence pertains to conduct, which is gauged by what the person charged knew or by the exercise of ordinary care should have known. Assumed risk pertains to a state of mind. For a full discussion of the distinction between these doctrines see Robert E. McKee, General Contractor v. Patterson, 153 Tex. 517, 271 S.W.2d 391, Shaver v. Manziel, 347 S.W.2d 20, Texarkana Civ.App., writ ref., n. r. e., Vol. 65 C.J.S. Negligence § 174, p. 848.

In Fort Worth & D. Ry. Co. v. Barlow, 263 S.W.2d 278, Fort Worth Civ.App., writ ref., n. r. e., a similar question was con-

sidered. There the Court inquired if an act had been "intentionally" done. The Court was requested to submit issues concerning commission of the act, but omitting the word "intentionally." The Court of Civil Appeals held that the requested issues should have been submitted saying, "The requested issue leaves out knowledge on the part of deceased. It does not inquire about his state of mind. It inquires if a certain event took place. * * * We think the inclusion of the requested issue would have relieved the charge of some of the criticism to the effect that deceased's knowledge rather than his care appears to have been made the test of his duty."

■ The error in refusing to submit the requested charge requires reversal of this cause. It is our duty now to determine such other questions presented which in all probability will arise upon re-trial.

■ The witness Henry Raburn was permitted to testify to Rules of the Railroad Commission of Texas regulating the installation and operation of butane gas systems. This was error. The Rules, themselves, are the best evidence of what they are. Courts do not take judicial notice of the rules of the Railroad Commission. Thompson v. San Antonio & A. P. Ry. Co., 11 Tex.Civ. App. 145, 32 S.W. 427. See also Barron v. Marusak, 359 S.W.2d 77, Austin Civ. App. See Art. 3731a, Vernon's Ann.Civ. St., for the method of introducing such rules in evidence.

The witness Raburn, who qualified as an expert, also testified that, in his opinion, the butane system in the workers' quarters was unsafe.

■ We would prefer holding this testimony admissible for the reason that it would be of aid to the jury in a field where the expert's knowledge was superior to theirs. See Vol. 2 McCormick and Ray, Texas Law of Evidence, 2nd Ed. Sec. 1400. However, under the decision in Griggs Furniture Co. v. Bufkin. 348 S.W.2d 867,

Amarillo Civ.App., writ ref., n. r. e., it is inadmissible.

Appellant objected to the admission in evidence of the Commissioners 1941 Standard Ordinary Mortality Table for the reason that it was restricted to citizens living in the United States, whereas appellee was a citizen of Mexico living in Mexico.

The question appears novel. Neither the parties nor we have found authorities in point. It has been held that mortality tables excluding children under 10 years of age are not admissible when a person of such age is involved. Rea v. Simowitz, 225 N.C. 575, 35 S.E.2d 871, 162 A.L.R. 999.

Appellee was working and living in Texas when he was injured. He was treated in Texas for his injuries and the evidence is that but for the excellence of such treatment he would most likely have lost his life.

■ Appellant asks us to take knowledge, common or judicial, that life expectancy in Mexico is less than it is here. Appellee was about twenty-four years of age at the time of trial. We simply do not know the life expectancy of a person of appellee's age in Mexico. We, therefore, do not take notice of it. We doubt our authority even if we knew. Sec. 197, Texas Law of Evidence, supra.

■ Under these facts, we hold that the mortality table was properly admitted in evidence, its weight being for the jury.

■ It is, of course, permissible for appellant to refute the correctness of such table as to appellee by any pertinent and proper evidence. See 17 Tex.Jur.2d Damages, Sec. 257. It is to be noted also that juries are free to disregard such tables where permanent injuries are sustained. Chemical Express v. Cole, 342 S.W.2d 773, Dallas Civ.App., writ ref., n. r. e.

Points eight through eleven relate to the lack of evidence to sustain certain elements

of damages, and to the excessiveness of the verdict. It is not reasonable to assume that the evidence on a new trial or the damages assessed will be the same as contained in this record. It is more reasonable to assume that appellee will shore up the alleged weaknesses suggested in these points. We, therefore, refrain from further discussion of such points.

■ Appellant's points twelve through thirteen complain of the Court's failure to submit requested special issues to the jury inquiring whether or not appellee had sole control of the house at the time of the fire, whether or not he was negligent in the exercise of such control and a subsidiary issue of proximate cause. These issues were requested in the belief that the doctrine of res ipsa loquitur was applicable to the facts of this case.

There was no evidence that appellee was negligent in causing the fire or explosion. There is no evidence to account for either.

It is our opinion that the requested issues were properly refused. Appellee was not in control of the premises. It is true that he was the only person on the ranch when the fire occurred. This was probably because it was the policy of appellant that a bracero not leave the ranch without permission, and there is no evidence that permission on this occasion was given.

Appellee was an inexperienced ranch worker. Some fourteen or fifteen year old boys are more experienced, appellant testified. He had worked for appellant less than two months when he was injured. There is no evidence that he was in control of the ranch when the fire happened. Certainly he had no such control of it as to make him responsible for the faulty installation of the butane system which the jury found caused his injuries. The doctrine of res ipsa loquitur is inapplicable.

Points fifteen through twenty-eight are jointly briefed.

These points relate to the insufficiency of the evidence to support findings of proximate cause, inadequacy of the pleadings in certain respects, and to the improper form of a hypothetical question. All of these points, except as to the alleged insufficiency of the evidence, should not recur upon retrial, and we will not discuss them.

■ The jury found that appellant failed to provide a connection which was then adequate and safe for normal use between the gas stove in the quarters occupied by appellee and the gas tank outside such quarters, and that appellant failed to inspect such connection and that these failures constituted negligence proximately causing the fire.

There is no direct, as distinguished from circumstantial, evidence as to the cause of fire. It is our opinion that the circumstantial evidence adequately supports the finding of proximate cause. The type of connection between the tank and stove in use was, in the opinion of Mr. Raburn, and expert, likely to become loose or disengaged through long use and movements of the stove, thus permitting gas to escape. This butane gas, being heavier than air, would not rise. The wood stove in the bedroom had an air vent near the floor. With the wood fire burning and the vent open, as the evidence indicates, the gas would be drawn into the stove and ignited.

This is the theory of appellee. The jury accepted it. We cannot say that it is so unreasonable as to constitute no evidence or only suspicion or a surmise.

The judgment of the Trial Court is reversed and this cause is remanded for trial in accordance with this opinion.

Reversed and remanded.