**William Kelly YOUNG, Appellant,**

v.

**Guy McGILL, Appellee.**

No. 6202.

Court of Civil Appeals of Texas,
El Paso.

Nov. 10, 1971.

Rehearing Denied Dec. 8, 1971.

Rassman, Gunter & Boldrick, James P. Boldrick, Midland, for appellant.

G. Bert Smith, Jr., Robert E. Barber, Andrews, for appellee.

OPINION

WARD, Justice.

This is an appeal from an order of the District Court of Andrews County overruling the plea of privilege of William Kelly Young to be sued in Tarrant County. The controverting plea alleged venue in Andrews County under the provisions of Subdivision 9a of the Venue Statute, Vernon's Ann.Civ.St. art. 1995. The judgment of the trial Court is reversed and rendered.

Young was one of the owners and operators of producing oil and gas leases and McGill, the subsequent lessee of the grazing rights on the same tract. McGill alleged that ten (10) of his Charolaise cows drank oil from around the well in question from which four of the cows lost their calves. The damage was alleged as being caused by one or more of four acts of negligence on the part of the Defendant in that he failed to adequately fence the area

around the well site, failed to repair the leak, failed to dispose of the leaking oil from the surface of the property and failed to make an adequate and timely inspection of the area around the well site. Findings of fact and conclusions of law were requested of and filed by the trial Court, the conclusions substantiating each negligence claim of McGill.

The lease agreements before us have no provision whereby the oil and gas lessee shall pay for damages to cattle nor is there any provision requiring the fencing off of any of the lessee's installations. Therefore, as pointed out in General Crude Oil Company v. Aiken, 162 Tex. 104, 344 S. W.2d 668 (1961), we are governed by rather narrow principles relating to a particular type of "cow" injury. These in turn are derived from the case of Warren Petroleum Corporation v. Martin, 153 Tex. 465, 271 S.W.2d 410 (1954). There oil escaping from a pump formed two small pools within five feet of the well, and the Supreme Court denied recovery for injuries to the Plaintiff's livestock. The trial Court's judgment based on negligence was reversed because (1) no negligence was proved and (2) the only duty owed the Plaintiff was not to intentionally, wilfully, or wantonly injure his livestock. As the complained of acts all took place within the legitimate operating area which the lessee was entitled to occupy, these results, though questionable, are governed by the rule that likens wandering cattle and other domestic animals to trespassers upon the legitimate area of operations of the oil producer. Either on this ground or on the ground that the operator is under no duty to fence off his producing wells and installation, the Courts have almost universally denied recovery against the operator. Warren Petroleum Corp., supra; Keeton and Jones, Tort Liability and the Oil and Gas Industry, 35 Texas Law Review 1 at page 6.

■ An examination of the record before us shows that the conditions that existed at the well site are described, and these in turn are carried into the trial Court's findings of fact. On February 17, 1969, after a snow storm, a small separator at the well site was observed to have oil running down its side and with lick marks on it. There was also oil on the ground in an area approximately eight feet by ten feet around the well site which was standing in pools made by hoof prints from the animals and from some truck tire tracks. There was no fence around the site but there was a fence around a pit at the site. No contention is made that any cattle drank from the pit. This description raises no inference of negligence. The Defendant was under no duty to fence the separator or the described area to keep the Plaintiff's cows away, and the fact that the Defendant had fenced the pit created no such obligation. McCarty v. White, 314 S.W.2d 155 (Tex.Civ.App. Eastland 1958, no writ hist.).

■ The Plaintiff argues that since the Warren Petroleum case, that the Railroad Commission rules and regulations now forbid such open oil on the ground. No evidence was offered to this effect. Courts do not take judicial notice of rules of the Railroad Commission. Byrd v. Trevino-Bermea, 366 S.W.2d 632 (Tex.Civ.App. Austin 1963, no writ hist.).

■ The fact that oil was on the ground does not of itself establish an unreasonable use of the surface nor a use of more of the surface than was reasonably necessary. This burden has always been on the Plaintiff, surface owners, to plead and to prove. Humble Oil & Refining Co. v. Williams, 420 S.W.2d 133 (Tex.1967). It is sufficient to say that there is no evidence that the Defendant or his employees did anything to cause the escape of the oil nor is there any evidence, even if there were pleadings to support the same, that permitting the oil to be discharged was unauthorized, unreasonable, or an excessive use of the land under the terms of the leases nor that the Defendant was guilty of any negligence in connection therewith. Jones v. Nafco Oil and Gas, Inc., 380 S.

W.2d 570 (Tex.1964). Admittedly, there was no intentional injury.

■ There being no evidence to support the cause of action of the Plaintiff and the case having been fully developed under the pleadings, the judgment of the trial Court overruling the plea of privilege is reversed and rendered and the cause is hereby directed to be transferred to one of the District Courts of Tarrant County pursuant to Rule 89, Texas Rules of Civil Procedure.