Bernard J. DOLENZ, Appellant,

v.

SOUTHWESTERN BELL TELEPHONE
COMPANY, Appellee.

No. C14–86–030–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 26, 1987.

Bernard Dolenz, Houston, for appellant.

Mark Johnson, Houston, for appellee.

Before JUNELL, DRAUGHN and
ELLIS, JJ.

OPINION

DRAUGHN, Justice.

Appellant Bernard J. Dolenz appeals the
trial court's decision to dismiss this cause
for want of jurisdiction. This cause origi-
nated in November 1982 when appellee
Southwestern Bell Telephone Company al-
legedly wrongfully interrupted appellant's
phone service. The trial court granted ap-
pellee's plea in abatement[1] and dismissed
appellant's suit against the Company for
lack of jurisdiction. The issue on appeal is
whether the court has jurisdiction over the
case. Because we find that it does, we
sustain appellant's points of error, reverse
the trial court and remand this cause for
further proceedings.

In his petition, appellant alleges that he
has a cause of action against appellee aris-
ing from the interruption of his telephone
service. Appellee argues that the legisla-
ture has granted exclusive jurisdiction to
the Public Utilities Commission (PUC) un-
der the Public Utilities Regulatory Act,
(PURA) and therefore, the trial court does
not have jurisdiction to hear this case until
appellant has exhausted his administrative
remedies.

Generally, an administration agency
such as the PUC has no inherent power.
Its jurisdiction and the nature and extent

1. As the appellee notes in its brief, it mislabeled
its motion as a plea in abatement. The motion is correctly labeled a plea to jurisdiction.

of its powers must be found within the constitutional and statutory provisions, which are applicable to the agency. *Southwestern Bell Telephone Company v. Public Utilities Commission,* 618 S.W.2d 130, 133 (Tex.Civ.App.—Austin 1981) *vacated* 623 S.W.2d 316 (1981). The PUC has no applicable constitutional authorization; however, the legislature granted the PUC many general and broad powers, as well as many specific ones. *Id.*

Section 16 article 1446c of the PURA provides the commission with:

the general power to regulate and supervise the business of every public utility within its jurisdiction and to do all things, whether specifically designated in this Act or implied herein, necessary and convenient to the exercise of this power and jurisdiction.

Section 18 discusses telecommunications utilities specifically. Subsection (a) of this section delineates the policy of the state—the policy being:

to protect the public interest in having adequate and efficient telecommunications service available to all citizens of the state at just, fair, and reasonable rates.... It is the purpose of this section to grant to the commission the authority and the power under this Act to carry out the public policy herein stated.

Section (b) provides that the commission, [s]ubject to the limitations imposed in this Act, and for the purpose of carrying out the public policy above stated and of regulatory rates, operations, and services so that such rates may be just, fair, and reasonable, and the services adequate and efficient, the Commission shall have exclusive original jurisdiction over the business and property of all telecommunications utilities in this state.

Section 37 vests the commission with all authority and power of the state of Texas to insure compliance with the obligations of public utilities in this Act. Finally, section 83(a) provides:

"[A]ny affected person may complain to the regulatory authority in writing setting forth any act or thing done or omitted to be done by any public utility in violation or claimed violation of any

law which the regulatory authority has jurisdiction to administer or of any order, ordinance, rule or regulation of the regulatory authority."

Our attention has not been directed to any statutory provision in PURA that expressly gives the PUC authority to adjudicate claims of tortious conduct. Appellees contend that section 18(b) impliedly grants such authority to the PUC. We disagree.

While the legislature has conferred exclusive original jurisdiction upon the PUC over the business and property of all telecommunications utilities in this state for the purpose of regulating "rates, operations, and services", we hold that jurisdiction over tort claims against a telephone company has not been removed from the courts. *Southwestern Bell Telephone Company v. Reeves,* 578 S.W.2d 795, 798 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Southwestern Bell Telephone Company v. Nash,* 586 S.W.2d 647, 649–50 (Tex.Civ.App.—Austin 1979, no writ). First, we note that appellant does not allege a specific violation of article 1446c or any other statutory section even though he refers to that article in his original petition and prays for relief for statutory violations. Basically, he seeks to recover for allegedly tortious conduct, which violated his common law substantive rights. Second, the rights appellant seeks to enforce are not derived from the statutory scheme created by the legislature. *See Texas Catastrophe Property Insurance Association v. Council of Co-Owners of Saida II Towers Condominium Association,* 706 S.W.2d 644 (Tex.1986). Third, the doctrine of primary jurisdiction does not apply when the issue is one inherently judicial in nature unless the legislature, by valid statute, has explicitly granted exclusive jurisdiction to the administrative body. *Southwestern Bell Telephone Company v. Nash,* 586 S.W.2d at 649–50. Appellant's points of error are sustained.

The judgment is reversed and the cause remanded for further proceedings.