**Lester P. LYNN and Wife, Lura Lynn, Appellants,**

v.

**HOUSTON LIGHTING & POWER COMPANY, Appellee.**

**No. B14–90–01046–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 12, 1991.

Anthony D. Sheppard, Houston, for appellants.

Lisa K. Hargrove, Michael G. Briggs, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

The issue presented in this appeal is whether the trial court had jurisdiction over a a tort claim against a public utility. Lester and Lura Lynn filed this suit against Houston Lighting Power after they had been re-billed for ten years of electricity usage. The trial judge dismissed the suit for lack of jurisdiction.

In June of 1990 the Light Company shut off the power at the Lynn's home located at 12315 Mile Drive. The reason for the cut-off was failure to pay the electric bill. The Light Company alleged that at this time the service agent who went to the residence to turn the power off discovered a band that had been placed around the kilowatt register. This band slowed the registering of actual electricity usage at the residence. The Light Company then began investigating the actual usage at the

Lynn residence. In July the Light Company sent a letter to the Lynns explaining the irregular meter conditions that had been discovered and that re-billing was being considered. Then in August the Lynns received from the Light Company another letter stating that the meter had been altered without permission. The letter also explained that the Lynns would be re-billed for the period of time from December 4, 1980 to June 14, 1990. The amount of underpayment for that nine and a half year period was $9381.02. The letter required the Lynns to make this payment immediately to avoid interruption of electrical services. The Lynns did not pay, and the power was cut-off.

After the power was cut off, the Lynns filed this suit in the County Court at Law. The trial court granted a temporary restraining order requiring the Light Company to turn the power on and not to turn it off until a hearing could be had on a temporary injunction. Prior to the hearing on the temporary injunction the plaintiffs filed an amended petition (erroneously calling it a supplemental petition). In the amended petition the plaintiffs sought a declaratory judgement that they did not owe the re-billed amount, an injunction preventing the Light Company from turning the power off, and contract and tort damages. At the temporary injunction hearing the trial court ordered the case dismissed for lack of jurisdiction. The appellants assert as their sole point of error that the trial judge erred when it dismissed the suit for want of jurisdiction.

This court heretofore has ruled on the question of exclusive jurisdiction of the Public Utility Commission over tort claims. In *Dolenz v. Southwestern Bell Telephone Co.*, 730 S.W.2d 44 (Tex.App.—Houston

[14th Dist.] 1987, no writ), we held that the trial court had jurisdiction over a customer's claim of wrongful termination of service. This court and several other appellate courts have held that the Public Utility Regulatory Act did not remove the power of the courts to adjudicate tort claims against a public utility. *Dolenz*, 730 S.W.2d at 45; *Southwestern Bell Telephone Co. v. Reeves*, 578 S.W.2d 795, 798 (Tex.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Southwestern Bell Telephone Co. v. Nash*, 586 S.W.2d 647, 649 (Tex.Civ. App.—Austin 1979, no writ); *Calarco v. Southwestern Bell Telephone Co.*, 725 S.W.2d 304 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). In *Dolenz* we explained, "While the legislature has conferred exclusive original jurisdiction upon the PUC over the business and property of all telecommunications utilities in this state for the purpose of regulating 'rates, operation, and services', we hold that jurisdiction over tort claims against a telephone company has not been removed from the courts."

The appellants in their amended petition asserted tort claims against H.L & P, and sought actual and exemplary damages for the alleged torts. These claims do not concern rates and regulations governed by the Public Utility Regulatory Act. The County Court at Law has jurisdiction over tort claims. We reverse the trial court's dismissal and remand this cause for further proceedings consistent with this opinion.