NO. 07-08-0453-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 16, 2009



______________________________





IN RE CANO PETROLEUM, INC., W.O. ENERGY OF

NEVADA, INC., W.O. OPERATING COMPANY, LTD.

AND WO ENERGY, INC., RELATORS



_________________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
OPINION
Â Â Â Â Â Â Â Â Â Â Relators, Cano Petroleum, Inc.; W.O. Energy of Nevada, Inc.; W.O. Operating
Company, LTD.; and W.O. Energy, Inc., petition this court to grant a writ of mandamus
directing the honorable Paul Davis, visiting Judge in the 100th District Court of Carson
County, Texas, to enter an order abating the proceedings and staying the trial in Cause No.
9994 until such time as the Public Utilities Commission of Texas (PUCT) makes a
determination of the matters pending before it. We deny the relief requested.
Background
Â Â Â Â Â Â Â Â Â Â As a result of wildfires that occurred in the Texas Panhandle on or about March 12,
2006, Southwestern Public Service d/b/a Xcel Energy (SPS), real party in interest, filed suit
against relators alleging that the fires that damaged transportation and distribution
equipment owned by SPS were the result of the negligence of relators. SPS filed a second
amended petition that alleged both a negligence cause of action and a breach of contract
cause of action against relators on September 14, 2007. On February 8, 2008, SPS filed
a third amended petition. Relators filed their answers to the allegations contained in SPSâs
third amended petition and, on March 7, 2008, filed traditional and no-evidence motions
for summary judgment as to SPSâs claims against them for negligence and breach of
contract. SPS filed its response to the motions for summary judgment on April 29, 2008. 
Relators then filed a motion to abate on June 4, 2008, which contained copies of a petition
for declaratory relief and complaint filed with the PUCT on May 30, 2008. SPS filed its
response to the plea in abatement on June 11, 2008, and the trial court held a hearing on
the abatement issue on June 12, 2008. On June 24, 2008, the trial courtâs order denying
the first plea in abatement was filed. On September 11, 2008, the trial court entered its
order remanding SPSâs action against relators back to the 100th District Court of Carson
County, Texas, in Cause No. 9994.


 On October 21, 2008, relators filed a second motion
to abate the proceedings, which was overruled by the trial court on October 28, 2008. 
Â Â Â Â Â Â Â Â Â Â During the time period that the various motions and requests were pending and
being acted upon by the trial court, relators pursued relief through the aegis of the PUCT. 
On May 30, 2008, relators filed a petition requesting declaratory relief and a customer
complaint, PUCT docket number 35737, with the PUCT. On or about June 17, 2008, SPS
filed a response to relatorsâ request for declaratory relief and complaint. Subsequently, on
October 22, 2008, relators filed a notice of PUCT filings in the 100th District Court of Carson
County, Texas. In this notice, relators set forth, through various exhibits, the numerous
filings with the PUCT, to include relator W.O. Operating Companyâs intervention into a
different rate case pending before the PUCT, PUCT docket number 35763, indicated that
these matters were pending before the PUCT, and asserted that PUCTâs resolution of
these matters were material to SPSâs suit.
Â Â Â Â Â Â Â Â Â Â After the trial court denied the second motion for abatement, relators filed this 
original petition for mandamus relief. For the reasons set out below, we deny the request
for relief.
Standard of Review
Â Â Â Â Â Â Â Â Â Â Mandamus is available when a trial court clearly abuses its discretion and the
normal appellate process does not provide an adequate remedy. See In re Prudential Ins.
Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A failure of a trial
court to properly analyze or apply the law is an abuse of discretion. See In re Kuntz, 124
S.W.3d 179, 181 (Tex. 2003) (orig. proceeding). In a case such as the one before the
Court, there is no adequate remedy by appeal if permitting a trial to go forward âwould
interfere with the important legislatively mandated function and purpose of the PUC[T].â 
In re Sw. Bell Tel. Co., 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding).
Â 
Analysis
Â Â Â Â Â Â Â Â Â Â Relators are requesting this court to order the trial court to abate further proceedings
and stay the trial of this case until such time as the PUCT makes a determination of certain
alleged threshold issues pending before it. It is the position of relators that the PUCT has
primary jurisdiction over this matter. 
Â Â Â Â Â Â Â Â Â Â Primary jurisdiction âallocate[s] power between courts and agencies when both have
authority to make initial determinations in a dispute.â Subaru of Am. v. David McDavid
Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002). Trial courts are to defer to the appropriate
administrative agency when 1) the agency is staffed with experts trained in handling
complex problems within the agencyâs purview, and 2) great benefit is derived from the
agencyâs uniform interpretation of laws within its purview and the agencyâs rules and
regulations when courts and juries might reach differing results under similar fact
situations. In re Sw. Bell Tel. Co., 226 S.W.3d at 403; Subaru of Am., 84 S.W.3d at 221. 
In attempting to determine whether the administrative agency has primary jurisdiction, we
are instructed to ascertain whether the action under consideration is inherently judicial in
nature. See Amarillo Oil Co. v. Energy-Agri Prods., Inc., 794 S.W.2d 20, 26 (Tex. 1990). 
If the action is inherently judicial, the court retains jurisdiction to determine the controversy
unless the legislature, by valid statute, has expressly granted exclusive jurisdiction to the
administrative agency. Id.
Â Â Â Â Â Â Â Â Â Â Relators assert that the PUCT has primary jurisdiction based on the fact that SPSâs
petition refers to the requirement that relators maintain their electrical distribution system
in accordance with the National Electric Safety Code (NESC). The requirement to follow
the NESC is allegedly set forth in the contract for services between the parties and is
authorized by a tariff previously approved by the PUCT. Finally, SPSâs petition alleges that
not only were relators negligent, but by their actions they also breached the contract for
services between the parties.
Â Â Â Â Â Â Â Â Â Â The question then becomes what about this action requires a determination by the
agencyâs experts, who are trained in handling complex problems within the agencyâs
purview. The answer, as far as we can determine, is nothing. SPSâs petition attempts to
set forth a standard of care required of any customer similarly situated to relators. The
determination of the standard of care in a negligence action is a question of law for the
court. Golden Spread Council, Inc., #562 of the Boy Scouts of Am. v. Akins, 926 S.W.2d
287, 289-90 (Tex. 1996). Likewise, the other cause of action alleged against relators is a
breach of contract claim. While the factual determination of what actions were taken is for
the fact finder, whether those actions constitute a breach of contract is a question of law
for the court. BACM 2001-1 San Felipe Rd. Limited Partnership v. Trafalgar Holdings I,
Ltd., 218 S.W.3d 137, 146 (Tex.App.âHouston [14th Dist.] 2007, pet. denied). The matters
which relators contend are exclusively or primarily within the PUCTâs authority are matters
routinely heard and decided by trial courts and must be considered inherently judicial in
nature. Amarillo Oil Co., 794 S.W.2d at 26. Further, unlike in In re Sw. Bell Tel. Co.,
where the authority to interpret and enforce the contractual dispute had been specifically
delegated to the administrative agency, see In re Sw. Bell Tel. Co., 226 S.W.3d at 403,
in the present case, we can find no express grant of authority to the administrative agency
to interpret and enforce the contract in question nor have we been cited to any. 
Â Â Â Â Â Â Â Â Â Â Finally, we must look at the relief that SPS is requesting, which is damages for
negligence and breach of contract. The award of damages in negligence and breach of
contract actions are routinely heard and decided by trial courts and must be considered
inherently judicial in nature. Amarillo Oil Co., 794 S.W.2d at 26. Further, we can find no
express grant of authority to the PUCT to award damages for common law causes of
action nor have we been cited to any. See Dolenz v. Sw. Bell Tel. Co., 730 S.W.2d 44, 45
(Tex.App.âHouston [14th Dist.] 1987, no writ). Under these circumstances, we cannot say
that the PUCT has primary jurisdiction over these matters. Therefore, we cannot find that
the trial court was bound to defer to the administrative agency.
Conclusion 
Â Â Â Â Â Â Â Â Â Â We find that the trial court did not clearly abuse its discretion when it refused to
abate this matter. Therefore, we deny the requested relief.



Â 
Mackey K. Hancock

Justice

Â Â 



Exception Locked="false" Priority="32" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Intense Reference"/>
 
 
 
 









NO. 07-10-00240-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



SEPTEMBER
15, 2010

Â 



Â 

JAICOURRIE FINLEY, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

Â 

NO. 61,383-A; HONORABLE DAVID GLEASON, JUDGE



Â 



Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

Â 

ORDER OF DISMISSAL

Â Â Â Â Â Â Â Â Â Â Â  On
June 16, 2010, appellant, Jaicourrie Finley, filed a pro se notice of appeal with this Court
indicating appellantÂs desire to appeal the district courtÂs Âdenial of an
injunction/protective order.ÂÂ  On June
30, 2010, this Court received correspondence from appellant, entitled
ÂAppellantÂs Brief,Â that indicates that appellant is attempting to appeal the
denial of a motion for injunctive relief in his pending criminal
prosecution.Â  This ÂbriefÂ expressly
indicates that the motion for injunctive relief was filed by court-appointed
counsel.Â  The clerkÂs record in this
cause was received on September 9, 2010.Â 
The clerkÂs record includes a ÂMotion for Order to Transfer to Another
Unit,Â which was denied by the trial court, and appears to be the motion that
appellant is seeking to appeal.Â  This
motion was filed by counsel, and nothing in the clerkÂs record indicates that
counsel has ever been permitted to withdraw from representation of appellant in
the underlying criminal proceeding.

Because appellants are not allowed to
have hybrid representation on appeal and because the record does not reflect
that appellantÂs counsel has been permitted to withdraw from representation in
this matter, we may not consider the merits of appellantÂs appeal.Â  See Ex parte
Taylor, 36 S.W.3d 883, 887 (Tex.Crim.App. 2001).

Â Â Â Â Â Â Â Â Â Â Â  Because
this correspondence was filed by appellant pro
se while appellant is represented by counsel, the Court hereby dismisses
the appeal without prejudice to refiling by counsel.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam

Â