THE ST. LOUIS, ARKANSAS & TEXAS RAILWAY COMPANY
v. C. W. BATSELL.

No. 140.

### Application for Writ of Error—Settles the Case.

Demurrer to petition was sustained and case dismissed in District Court. On appeal, the judgment of the District Court was reversed and cause remanded. Application by appellee for writ of error did not show jurisdiction of this court; it did not appear that the judgment of the Court of Civil Appeals practically settled the case .................... 193

APPLICATION FOR WRIT OF ERROR to Court of Civil Appeals for Second District, in an appeal from Grayson County.

In the District Court, Batsell sued to recover back money paid by him upon a subscription made for purpose of securing a railway, etc., to Sherman. The nature of the litigation is given in Darnell v. Lyon, 85 Texas, 456–458, in which the purpose and nature of the same contract are discussed. The demurrer of the defendant was sustained. This action was reversed on appeal. The appellee made application for writ of error upon alleged grounds that the judgment of the Court of Civil Appeals practically settled the case.

STAYTON, Chief Justice.—C. W. Batsell brought an action against the St. Louis, Arkansas & Texas Railway Company in Texas, but on demurrer the action was dismissed.

From that judgment appeal was taken, and the Court of Civil Appeals reversed the judgment of the District Court and remanded the cause for trial on the facts.

Application for writ of error is now made, and the jurisdiction of this court is invoked, under the statute which provides that this court may grant writs of error if a Court of Civil Appeals reverses a judgment of a trial court and remands a cause " when the judgment of the Court of Civil Appeals reversing a judgment practically settles the case, and this fact is shown in the petition for writ of error."

Applicant's pleadings deny the facts stated in the petition, and the judgment of the Court of Civil Appeals simply declares the law upon such facts.

There is no admission in the application for writ of error that the facts are as stated in the petition, and on trial plaintiff may fail to so prove them, or defendant may show a state of facts that would prevent a recovery, in whole or part, if such facts be proved.

The case now stands just as it would had the District Court overruled the demurrer.

The application does not show that this court has jurisdiction, and will be dismissed.

Delivered November 27, 1893.