**KELLY v. SOUTHWESTERN BELL TELEPHONE CO. (No. 400–3743.)**

(Commission of Appeals of Texas, Section A. March 7, 1923.)

**1. Appeal and error ⚖➡917(2)—Trial court presumed to have proceeded regularly.**

It must be presumed that the trial court proceeded according to the due order of practice in overruling a general demurrer ·before overruling special exceptions.

**2. Appeal and error ⚖➡725(2)—Assignment of error after general demurrer and special exceptions sustained held sufficient.**

Where the judgment of the lower court reciting that a general demurrer and 49 special exceptions were sustained, a single assignment of error on appeal that "the trial court erred in sustaining a general demurrer, * * * and dismissing the said suit for the reason that the appellant's said petition was sufficient as against a general demurrer," held sufficient, since the fact that a general demurrer and special exceptions were sustained does not give the case a different status than if the general demurrer alone had been sustained.

**3. Telegraphs and telephones ⚖➡65(1)—Application contract for telephone service held basis of right of action against company.**

In an action against a telephone company for damages resulting from poor service, where plaintiff's application contract is attached as part of the petition, in the absence of any allegation that would permit parol proof to vary such written contract it must be taken as the basis of any cause of action existing.

**4. Telegraphs and telephones ⚖➡31, 66(1)—Telephone company has right to make reasonable regulations; presumed reasonable.**

Telephone companies doing a general business have the right to establish reasonable rules and regulations for furnishing service and for the conduct of its business, which regulations will be presumed to be reasonable and necessary unless the contrary is shown.

**5. Telegraphs and telephones ⚖➡66(1)—In absence of contrary · allegation, telephone company presumed to have complied with contract.**

In an action for damages against a telephone company, it will be presumed that the company complied with its contract, installed the telephone, and made connections as promptly as consistent with its rules governing its operation, and used due care in supplying service and equipment, and it is incumbent on plaintiff to negative such presumption by proper allegations.

**6. Telegraphs and telephones ⚖➡65(1)—Cause of action for failure to list subscriber's name in classified directory held not stated.**

A petition held insufficient to state a cause of action for failure to list a subscriber's name in the classified section of the directory.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Ben H. Kelly against the Southwestern Bell Telephone Company. The Court of Civil Appeals affirmed a judgment for defendant (236 S. W. 151), and plaintiff brings error. Judgment affirmed.

H. S. Groesbeck, Ben H. Kelly, and McCollum Burnett, all of San Antonio, for plaintiff in error.

Henry & Bickett, of San Antonio, and J. D. Frank, R. D. Hardy, and Nelson Phillips, all of Dallas, for defendant in error.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GERMAN, J. Ben H. Kelly brought this suit in the district court of Bexar county to recover of the Southwestern Bell Telephone Company $1,532 actual damages and $1,000 exemplary damages, alleged to be due him for failure of the telephone company to list his name in its directory issued June 1, 1920. The petition covers 16 pages of the transcript, and contains allegations too numerous to enumerate here. It has a great deal of irrelevant and unnecessary matter, and there is great difficulty in arriving at a knowledge of its true intent. However, giving to all of its ambiguous parts that fair and reasonable construction most favorable to it, we conclude that it was intended thereby to plead a cause of action based upon a failure to print plaintiff in error's name in the official directory of the telephone company, as a patron and in the classified section; it being claimed that this was an important part of the usual contract for service and equipment made by him with the telephone company.

The defendant in error filed a general demurrer, together with 49 special exceptions, assailing every section and clause of the petition. The judgment of the trial court recites that the general demurrer and the 49 special exceptions were sustained.' Plaintiff in error refused to amend his petition, and the cause was dismissed. Appeal was perfected to the Court of Civil Appeals for the Fourth District and the judgment of the lower court was affirmed. 236 S. W. 151.

On appeal plaintiff in error assigned only one error, as follows:

"The court erred in sustaining a general demurrer directed to appellant's first amended original petition, and, upon appellant declining to amend his said petition, thereupon dismissing said suit, for the reason that appellant's said petition was sufficient as against a general demurrer, in that the matters therein alleged set up a legal and valid cause of action against the defendant."

The Honorable Court of Civil Appeals held that plaintiff in error had not complied with the rules in briefing his case, and declined to pass upon the assignment, except to examine the record for fundamental error. That court seems to have accepted the theory that the trial court first sustained the 49 special exceptions to the petition, and then sustained the general demurrer, and under this theory reached this conclusion:

"The general claim of fundamental error to reverse a ruling sustaining a general demurrer to petition is not applicable when every phase of the petition is questioned by special exceptions, and passed on, and the ruling of the court sustaining [special exceptions] is not assigned as error."

The writ of error was granted by the Supreme Court because of an apparent conflict between this holding and certain cases hereinafter referred to.

[1] We think the writ was properly granted. It must be presumed that the trial court proceeded according to the due order of practice and overruled the general demurrer before overruling the special exceptions. The judgment indicates that this was done. This being true—

"The fact that the special exceptions were sustained also does not give the case a different status than if the general demurrer alone had been sustained. It was utterly unnecessary to consider the petition with reference to special demurrers, when the court had already held that no cause of action was stated." Reasoner v. Ry. Co., 109 Tex. 204, 203 S. W. 592; Bigham v. Port Arthur Channel Co., 100 Tex. 192, 97 S. W. 686, 13 L. R. A. (N. S.) 656; Everett v. Henry, 67 Tex. 405, 3 S. W. 566.

These cases are decisive of the matter.

[2] In view of the holding in Land Co. v. McClelland Bros., 86 Tex. 192, 24 S. W. 504, we think the assignment of error as quoted above is sufficient. The Honorable Court of Civil Appeals was perhaps correct in holding, with reference to the proposition and statement under this assignment, that the brief did not comply with the rules. We have waived a determination of that and have given the petition a careful consideration, with a view of testing its sufficiency as against a general demurrer. After such careful consideration, we have concluded that the general demurrer was properly sustained.

[3] Plaintiff in error absolutely fails to state a cause of action, unless it be for breach of the contract alleged to have been made with the telephone company May 11, 1920. While he alleges various details of the parol agreement, yet he attaches to the petition as a part thereof the application contract, and it is very evident that all negotiations were merged into this written contract and it represents the final agreement of the parties. Plaintiff in error makes no allegations that would permit parol proof to vary this written contract or that would authorize an enlargement of the same. The contract as evidenced by this application must be considered as 'the basis for any cause of action which plaintiff in error has undertaken to establish.

The application referred to shows that plaintiff in error contracted for one business, measured-service desk telephone, at a monthly rate of $4, to be installed in his office; that in the classified section of the directory his name should appear as a "lawyer." It also contains the following cause:

"In making this application the undersigned agrees to the rules and regulations of the telephone company as set forth in the exchange tariff, and to any general change or changes in the rules, regulations, tariffs or rates for the service furnished under this application. This application becomes a contract when accepted in writing by the telephone company."

The date when this application was accepted is not shown. It does show it to have been completed by the installation of the telephone on June 8, 1920. According to the petition the summer directory was issued June 1, 1920.

[4] There can be no question as to the right of a telephone company doing a general public business to establish reasonable rules and regulations for furnishing service to patrons and for the conduct of its business. Ordinarily regulations so made will be presumed to be reasonable and necessary, unless the contrary is shown. The contracts of such a company must be construed in the light of its obligations to the general public and the duty it owes to its patrons generally.

[5, 6] The petition in this cause does not allege the violation of any provision of the written agreement. It is not claimed that the telephone company failed to use due care or dispatch in supplying the service and equipment contracted for. It is not alleged that the rules and regulations of the company were unfair or unreasonable. It must be taken that the contract was performed in accordance with the .rules and regulations of the company. In the absence of allegations to the contrary, it will be presumed that the company installed the telephone and made the necessary connections as promptly as was consistent with the rules governing the operation of its system and the duty due by it to the public. The sole and only cause for complaint on the part of plaintiff in error is that the company failed to list his name as a subscriber and in the classified section when it published its directory June 1, 1920. The written contract contains no agreement to do this, and the parol agreement would not be admissible under the pleadings. On the contrary, it appears by the notations on the application, which, under the petition, are a part thereof, that such a requirement was wholly unreasonable; for it is shown that the work was not completed and no number was assigned to plaintiff in error until eight days after the directory was issued.' It was necessary for plaintiff in error to negative by proper allegations the presumption that the rules and regulations of the company justified the way and manner the service was performed, and the time required to perform it; and, having failed to do this, it clearly appears that the petition shows no breach of duty imposed by the written contract on defendant in error.

We therefore hold that the general demurrer was properly sustained, and recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.