**WINN–DIXIE TEXAS, INC., Appellant,**

v.

**H.C. BUCK, Appellee.**

**No. 2–86–003–CV.**

Court of Appeals of Texas,
Fort Worth.

Oct. 15, 1986.

252

Paul Broudloche, Fort Worth, for appellant.

Jenks Garrett, Arlington, for appellee.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

Winn-Dixie Texas, Inc., appeals from a judgment in favor of H.C. Buck for damages due to injuries he sustained as a result of a fall in a Winn-Dixie supermarket located in Arlington, Texas. The jury, in response to special issues, found that water on the floor of the supermarket constituted an unreasonable risk of harm to Buck and was a proximate cause of his injuries. The jury found that Winn-Dixie's conduct in regard to Buck's accident constituted gross negligence. Damages found by the jury included $14,000 for past and future physical pain and mental anguish and $8,000 for past and future loss of physical ability. The jury determined that exemplary damages should be awarded in the amount of $75,000. Winn-Dixie presents six points of error.

We reform the judgment to conform the award of exemplary damages to the amount pled and affirm the judgment as reformed.

Winn-Dixie urges in point of error number one that the trial court erred by failing to submit to the jury an issue regarding any actual or constructive knowledge by Winn-Dixie of the condition which caused Buck's injuries. Winn-Dixie objected at trial to the omission of the issue, and the trial court overruled its objection.

The undisputed evidence showed that the reason for the water being on the floor at the time of Buck's fall was due to a clogged drain in the produce section of the store causing water from the produce case to run out on the floor. The assistant store manager testified by deposition that there was a problem with the produce drain, that the area had been swept and mopped several times during the day prior to Buck's fall,

and that he did not know if the drain had ever been repaired. The manager of safety and security for Winn-Dixie's Texas division testified that if the store employees knew that the drain was blocked up, they would know that it was going to accumulate water. He said that if the employees had mopped two or three times because water was dripping, it could be foreseen that the water would accumulate again. There was no testimony that the employees of Winn-Dixie were unaware that there was water on the floor in the produce section. We believe that the undisputed testimony shows that the employees of Winn-Dixie either knew or should have known of the water on the floor. The trial court is not required to submit undisputed issues to the jury. *Texas Emp. Ins. Ass'n v. Miller*, 596 S.W.2d 621, 625 (Tex.Civ.App.—Waco 1980, no writ). We overrule point of error number one.

Winn-Dixie asserts in points of error numbers two and three that there is no evidence or that there is insufficient evidence to support the jury's finding of gross negligence on the part of Winn-Dixie.

In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex.1985); *International Armament Corp. v. King*, 686 S.W.2d 595, 597 (Tex.1985); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate*, 244 S.W.2d at 661–62.

A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Common-*

*wealth Lloyd's Ins. Co. v. Thomas,* 678 S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEXAS L.REV. 361 (1960).

▮▮▮ Where the challenge to a jury finding is that there was "insufficient evidence" to support the finding, we are to consider all the evidence in the case, both that in support of and that contrary to the finding, to determine if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *See Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex.1985); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). If the court so determines, the finding should be set aside and a new trial ordered. *Garza,* 395 S.W.2d at 823.

▮▮▮ In order to support a finding of gross negligence, the plaintiff must show that the defendant was consciously, i.e., knowingly, indifferent to his rights, welfare, and safety. *Burk Royalty Co. v. Walls,* 616 S.W.2d 911, 922 (Tex.1981). The plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrated that he did not care. *Id.* A showing of "some care" on the part of the defendant is no longer sufficient to defeat a finding of gross negligence. *Id.*

▮▮▮ The store manager's testimony indicates that he was aware of the problem with the drain in the produce area. He was not aware of any effort to repair the drain. The testimony indicates that no effort was made to block off the area, put up a sign in the area, or to post someone at the area where the store employees knew or should have known that water was accumulating. We believe that this evidence is sufficient to show that Winn-Dixie's employees, although aware that water was going to be accumulating on the floor, took no action to prevent customers from walking in the area of the water accumulation. Since water on the floor is such an obvious hazard and since the store employees did not take any reasonable action to prevent customers from walking in the area of the

accumulation, nor, apparently, to repair the drain, it would not be unreasonable for the jury to conclude that Winn-Dixie's employees simply did not care whether any one slipped on the water or not. We find that the evidence was sufficient to support the jury's finding of gross negligence on the part of Winn-Dixie. We overrule points of error numbers two and three.

In point of error number four, Winn-Dixie argues that the trial court erred by admitting into evidence accident reports of other falls in other Winn-Dixie stores for a period of several years prior to Buck's fall. All of the incidents admitted into evidence involved falls by customers slipping on water on the floor, with the water generally leaking from some display case. Many of the incidents involved clogged up drains.

▮▮▮ Evidence of other accidents, near accidents, or related similar events has long been recognized as probative evidence in Texas courts, provided an adequate predicate is established. *Henry v. Mrs. Baird's Bakeries, Inc.,* 475 S.W.2d 288, 294 (Tex. Civ.App.—Fort Worth 1971, writ ref'd n.r. e.).

Such evidence is admissible upon the establishment of the following: (1) predicate of "similar" or "reasonably similar" conditions; (2) connection of the conditions in some "special way;" (3) that the incidents occurred by means of the same instrumentality. *Id.*

▮▮▮ Since the exhibits which were admitted into evidence all involved falls by customers due to water on the floor of Winn-Dixie stores, generally leaking from some display case, all involved similar or reasonably similar conditions. The trial court carefully limited the exhibits to those that involved customers slipping on water, usually from display cases, such as the produce case in this lawsuit, all at a time prior to the incident in question. We find that the conditions were connected in some special way and that the incidents occurred by means of the same instrumentality, within the meaning of the case of *Henry.*

Winn-Dixie relies on the cases of *Dallas Ry. & Terminal Co. v. Farnsworth,* 148 Tex. 584, 227 S.W.2d 1017 (1950); *Nevauex*

*v. Park Place Hosp., Inc.*, 656 S.W.2d 923 (Tex.App.—Beaumont 1983, writ ref'd n.r. e.); and *Tex. Farm Bur. Mut. Ins. Co. v. Baker*, 596 S.W.2d 639 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). These cases all appear to be cited for the general rule that prior acts or transactions by one of the parties with other persons are irrelevant, immaterial and highly prejudicial and in violation of the rule that res inter alios acts are incompetent evidence, particularly in a civil case. *Dallas Ry. & Terminal Co.*, 227 S.W.2d at 1020; *Nevauex*, 656 S.W.2d at 926; *Texas Farm Bur. Mut. Ins. Co.*, 596 S.W.2d at 642. We agree with the general rule as it is stated in these cases, but we find that the evidence admitted into evidence in this case falls within the exception to the rule as we have discussed. We overrule point of error number four.

In point of error number five, Winn-Dixie urges that the trial court erred by permitting Buck to amend his petition after the receipt of the jury's verdict to permit the recovery of an amount of exemplary damages in excess of the amount of exemplary damages prayed for by Buck in his petition.

In his second amended petition, Buck had requested exemplary damages in the amount of $50,000. The jury found exemplary damages in the amount of $75,000. After the return of the jury's verdict, Buck sought and received leave to file a third amended petition which requested exemplary damages in the amount of $75,000.

This court has held that the granting of a trial amendment after the jury's verdict for the purpose of increasing the damages requested to meet the amount of damages found by the jury, when done without the consent of the opposing party, is an abuse of discretion. *Burk Royalty Co. v. Walls*, 596 S.W.2d 932, 938–39 (Tex.Civ.App.—Fort Worth 1980), *aff'd*, 616 S.W.2d 911 (Tex.1981). Buck does not refer us to any authority which has held to the contrary. He seems to rely on the fact that the opinion in *Burk Royalty* referred to the fact that there might be an exception to this rule. Chief Justice Massey, in writing the opinion for this court, said:

By what is here written we do not mean to imply that a trial amendment permitted after a jury has returned its verdict but before judgment can never be proper; certainly there might be propriety thereof in some circumstances. However, we do not believe that there could be among them any instance where an excess in exemplary damages be supported by the allowance of an untimely amendment which would increase the *ad damnum* plead, at least, when its allowance be not accompanied by the opposite party's waiver of right to complain.

*Id.* at 938.

We sustain point of error number five and find that the judgment for exemplary damages is excessive in the amount of $25,000. In view of our finding with respect to point of error number five, we find it to be unnecessary to determine point of error number six, in which Winn-Dixie complains of the lack of a hearing upon Buck's motion for leave to file trial amendment.

We reform the judgment so as to reduce the amount of exemplary damages recovered by Buck to $50,000, the amount pled in his second amended petition. We affirm the judgment as reformed.