D. CALARCO, et al., Appellants,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.

No. 01–85–0992–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 30, 1986.

Rehearing Denied Feb. 2, 1987.

J. Robert Harris, Houston, for appellants.

James M. Shatto, L. Kirk Kridner, Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

JACK SMITH, Justice.

This is a joint appeal by the plaintiffs, D. Calarco and WICA Corporation of America, from a judgment limiting their recovery of monetary damages against the defendant, Southwestern Bell Telephone Company. We affirm the judgment as to Calarco, but we reverse the judgment and remand the cause as to WICA.

The facts underlying the two damage claims are undisputed. In 1978, Calarco and WICA, respectively, applied to Southwestern Bell for business listings in Bell's 1979 Yellow Pages Directory. Through error, Bell failed to include either firm's business advertisement in its directory. Bell

also failed to provide WICA adequate telephone service for a period of about 9 months. As a result, both Calarco and WICA suffered business losses. Bell does not contest its liability or that the plaintiffs suffered the losses they contend. Bell's response, here and in the trial court, is that its liability is limited by the terms of its contract application, and also by the terms of the Public Utility Regulatory Act (PURA) tariff. Tex.Rev.Civ.Stat.Ann. art. 1446c, sec. 2 (Vernon Supp.1986).

The parties entered into pretrial stipulations that, among other things, contain an agreement by Bell to pay the maximum amounts prescribed by its contract application and by the tariff. Based on these stipulations and the pleadings, the trial court denied the requests of Calarco and WICA for a trial by jury, and on Bell's motion, the court entered judgment for Calarco and WICA, awarding each plaintiff a recovery but restricting their recovery to the maximum amounts prescribed by the tariff and the contract.

We first consider WICA's contention that the trial court erred in holding that its damages are limited by the PURA tariff. Bell contends that we lack jurisdiction to consider this question because the Public Utility Commission of Texas has exclusive jurisdiction over such matters.

■ PURA was enacted in 1975 to protect the public interest inherent in the rates and services of public utilities. Tex.Rev. Civ.Stat.Ann. art. 1446c, sec. 2 (Vernon Supp.1986). Bell is a public utility governed by the Act. *See id.,* sec. 3(c)(2)(A). Thus, all rules and standards relating to or affecting Bell's rates, utility service, product, or commodity must be filed with the Public Utility Commission and are binding until the Commission amends them. Art. 1446c, sec. 35(b) (Vernon Supp.1986).

Bell's tariff provisions set forth certain limitations on its liability. The tariff provides that for any errors or omissions in printing Bell's directory and in accepting listings from customers, Bell's liability is limited to the loss for the actual impairment of the customer's service, which in no event is to exceed the amount paid for the service during the period covered by the directory. For Bell's mistakes, omissions, interruptions, delays, errors, or defects in transmission or in equipment, or in telephone or in other communication services furnished, its liability is limited to a refund of the pro rata part of the month's flat rate charges for the period of days that the service is rendered useless or inoperative.

Bell argues that the only proper method for attacking the tariff is by a direct appeal from the Public Utility Commission's approval of the tariff, because that agency is vested with exclusive jurisdiction over the business and property of all Texas telecommunication utilities. *See* Art. 1446c, secs. 16(a) and 18(b) (Vernon Supp.1986).

■ We disagree with Bell's contention. The Public Utility Commission does not have exclusive jurisdiction to adjudicate a customer's claim for damages based on a public utility company's past errors or omissions. *Southwestern Bell Telephone Co. v. Reeves,* 578 S.W.2d 795, 798 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Therefore, we hold that the trial court had jurisdiction to consider WICA's claim for damages against Bell. *See also A–ABC Appliance v. Southwestern Bell,* 670 S.W.2d 733, 735 (Tex.App.—Austin 1984, writ ref'd n.r.e.); *Southwestern Bell Telephone Co. v. Nash,* 586 S.W.2d 647, 649–50 (Tex.Civ.App.—Austin 1979, no writ).

■ We now consider WICA's contention that the trial court erred in finding that the appellants were not entitled to a trial by jury. As a general rule, a public utility company's tariff regulations are presumed to be reasonable and necessary, *Southwestern Bell Telephone Co. v. Reeves,* 578 S.W.2d at 799; *Kelly v. Southwestern Bell Telephone Co.,* 248 S.W. 658, 660 (Tex.Comm'n App.1923, judgmt adopted), but that determination is usually a question for the trier of fact. *Reeves,* 578 S.W.2d at 798–99.

■ When a public utility company can, but does not remedy a customer's problem in a reasonable time, resulting in loss to the customer that exceeds the

amount of a tariff limitation, a fact issue is raised as to the reasonableness of the tariff provision. *Reeves*, 578 S.W.2d at 799. WICA offered proof by bill of exceptions, which tended to show that it had lost profits due to Southwestern Bell's errors and omissions, which substantially exceeded the amount of the tariff limitation. This created a fact issue as to whether the tariff limitation was reasonable and necessary. Therefore, in the instant case, the trial court erred in refusing to allow WICA to present evidence to the jury on the issue, and in deciding, as a matter of law, that Bell's liability should be limited to the maximum amount set forth in the tariff. *See Detro v. Gulf, Colorado. & Santa Fe Railroad Co.*, 188 S.W. 517, 518 (Tex.Civ.App.—Beaumont 1916, no writ); *Burnett v. Fort Worth Light & Power Co.*, 117 S.W. 175, 176 (Tex.Civ.App.1908, no writ). We accordingly sustain WICA's point of error.

■ We next consider Calarco's contention that the trial court erred in limiting Bell's liability to the maximum limit set forth in the contract application. The contract provides:

> The applicant agrees that the Telephone Company shall not be liable for errors in or omissions of the directory advertising beyond the amount paid for the directory advertising omitted, or in which errors occur, for the issue life of the directory involved.

Calarco argues that its contract with Bell was one of adhesion and that we should hold that the limitation of liability clause is against public policy and unconscionable. In support of this argument, Calarco relies on *Reuben H. Donnelley Corp. v. McKinnon*, 688 S.W.2d 612 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.).

The facts in the *Donnelley* case are distinguishable, because there the plaintiff's cause of action was not based upon a breach of contract theory, but upon negligence and violations of the Texas Deceptive Trade Practices Act. In upholding the plaintiff's right to bring the action, the court expressly noted that it was not faced with a breach of contract situation. *Donnelley*, 688 S.W.2d at 615–16.

A limitation of liability clause almost identical to the one involved in this case was upheld in a breach of contract suit. *Wade v. Southwestern Bell Telephone Co.*, 352 S.W.2d 460, 463 (Tex.Civ.App.—Austin 1961, no writ). This rule of law is still sound.

The publication of advertising in telephone directories is not a part of a telephone company's public utility business. *A–ABC Appliance of Texas*, 670 S.W.2d at 735. Therefore, the parties to such a contract may agree on a limitation of liability, unless the agreement violates the constitution, statutes, or public policy. *Allright, Inc. v. Elledge*, 515 S.W.2d 266, 267 (Tex. 1974). In determining whether such a limitation provision is against public policy, the courts must look to the relationship between the parties. *Id.*

The courts may refuse to enforce such an agreement where there is such a disparity of bargaining power that the contract is one of adhesion. A disparity of bargaining power exists when one party has no real choice in accepting an agreement limiting the liability of the other party. *Id.* at 267.

■ Here, the undisputed evidence showed that Bell was not the only provider of telephone directory advertising services in the Houston market during the years 1978–1979, and that Calarco was free to do business with other telephone directory providers. Calarco offered no other evidence that would demonstrate a disparity of bargaining power between the parties. Thus, no fact issue was raised by the evidence, and the trial court properly rendered judgment on the pleadings and the parties' stipulations. *Ramirez v. Flores*, 505 S.W.2d 4C6, 414 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.); *Humble Oil & Refining Co. v. City of Georgetown*, 428 S.W.2d 405, 414 (Tex.Civ.App.—Austin 1968, no writ).

The judgment as to WICA is reversed, and that cause is severed and remanded for further proceedings. The judgment as to Calarco is affirmed. One-half of the costs of appeal is assessed against Southwestern

Bell Telephone Company, and the other half against Calarco.