**SOUTHWESTERN BELL TELEPHONE COMPANY and Debbie Asher, Appellants,**

v.

**Joe VOLLMER, Individually and d/b/a Vollmer Air Conditioning, Appellee.**

No. 13–90–044–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 31, 1991.

Rehearing Overruled March 14, 1991.

Hubert Green, David W. Green, San Antonio, Kathryn F. Green, Michael W. Gordon, Corpus Christi, Marlin Gilbert, San Antonio, for appellants.

William Berry, Gail Dorn, Carlos Villarreal, Corpus Christi, for appellee.

Before KENNEDY, SEERDEN and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

Southwestern Bell Telephone Company ("Telco") and Debbie Asher, a Telco representative, appeal from a judgment entered upon a jury verdict awarding Joe Vollmer, individually and d/b/a Vollmer Air Conditioning, damages for violation of the Texas Deceptive Trade Practices Act (against Telco) and for negligence (against Asher). Alleging damage from the failure to list his new business trade name in both the alphabetical white pages and the classified yellow pages, Vollmer sued Telco, Asher, Southwestern Bell Publications, Inc., Southwestern Bell Media, Inc., Southwestern Bell Yellow Pages, Inc., and Southwestern Bell Corporation. The jury answered in favor of Vollmer and against Telco, Asher, and Southwestern Bell Corporation. The trial court granted judgment *non obstante veredicto* on behalf of Southwestern Bell Corporation, relieving it of any liability, and rendered judgment against Telco and Asher. In addition to Telco's and Asher's appeal from this judgment, Vollmer

appeals that portion of the judgment denying his recovery against Southwestern Bell Publications, Media, Yellow Pages, and Corporation. We modify in part, remand in part, reverse and render in part, and affirm in part.

By its first point of error, Telco contends that the trial court erred by rendering judgment against it and Asher in excess of the limitation of liability contained in Telco's "General Exchange Tariff" on file with the Public Utilities Commission ("PUC"). Regarding that portion of the judgment against Telco, we agree.

In 1984, Vollmer, who was in the air conditioning business, joined with a plumbing contractor and formed a partnership, "Stuart–Vollmer Plumbing and Air Conditioning Company." In December 1985, the partnership dissolved. Vollmer testified at trial that, upon its dissolution, he phoned Telco several times, requesting a *listing* change to "Vollmer Air Conditioning" and further requesting a billing change to "Joe Vollmer d/b/a Vollmer Air Conditioning." Telco presented controverting evidence that a listing change was never requested. The billing change was made, yet Vollmer's new business listing was omitted from the 1986 and 1987 telephone directories, and his former partnership was listed in the white pages alphabetically as "Stuart–Vollmer" and listed in the yellow pages under the heading of "Plumbers." [1]

■ The tariff on file with the PUC establishing the rules and regulations applicable to all Telco customers' contracts and regulating Telco's liability follows, in part (emphasis ours):

8.4 Errors—The Telephone Company's liability, if any, for its gross negligence or willful misconduct is not limited by this tariff. With respect to any other

---

1. It is undisputed that the omitted or erroneous yellow pages listing was a business listing only; it was not a classified advertisement. The Public Utility Regulatory Act (Tex.Rev.Civ.Stat.Ann. art. 1446c (Vernon 1980) ("PURA")) gives the PUC regulatory control over Telco's public service, which includes yellow pages listings; the publication of advertising in telephone directories is not regulated by the PUC. *See A–ABC Appliance of Texas, Inc. v. Southwestern Bell*

*Tel. Co.*, 670 S.W.2d 733, 735 (Tex.App.—Austin 1984, writ ref'd n.r.e.). Here, Vollmer's rights and remedies regarding the directory listing errors and omissions are governed by the rules and regulations (tariffs) established by the PUC through its authority derived from PURA. *Cf. FDP Corp. v. Southwestern Bell Tel. Co.*, 749 S.W.2d 569 (Tex.App.—Houston [1st Dist.] 1988, writ granted) (plaintiff's *advertisement* omitted from Yellow Pages).

claim or suit, by a customer or any others, for damages arising from *errors or omissions in the making up or printing of its directories* or in accepting listings as presented by customers or prospective customers, the *Telephone Company's liability,* if any, shall not exceed twice the amount paid for the service during the period covered by the directory in which the error or omission occurred.

Unless found to be unreasonable, these tariffs carry the dignity of statutory law. *Western Union Tel. Co. v. Esteve Bros. & Co.,* 256 U.S. 566, 572, 41 S.Ct. 584, 586, 65 L.Ed. 1094 (1921); *Southwestern Bell Tel. Co. v. Nash,* 586 S.W.2d 647, 649 (Tex.Civ. App.—Austin 1979, no writ); *Southwestern Bell Tel. Co. v. Rucker,* 537 S.W.2d 326, 331 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.); *see also Israel v. Metropolitan Dade County, Florida,* 431 F.2d 925, 928 (5th Cir.1970). Ordinarily, a tariff is presumed reasonable. *Rucker,* 537 S.W.2d at 331; *see also Kelly v. Southwestern Bell Tel. Co.,* 248 S.W. 658, 660 (Tex. Comm'n App.1923, judgm't adopted).

In the present case, the jury expressly found that the tariff was not unreasonable. Without referring to any controverting evidence in the record, Vollmer attacks the jury's finding by asserting, "[t]he jury findings of damages in excess of those amounts that would be allowed by the tariff is evidence itself that the tariff is unreasonable." In support thereof, he cites *Calarco v. Southwestern Bell Tel. Co.,* 725 S.W.2d 304 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). The present case is distinguishable. In *Calarco,* the trial court refused to allow the customer to present evidence to the jury on the issue of the tariff's reasonableness, concluding that the phone company's liability should be limited, as a matter of law, to the maximum set forth in the tariff. *Calarco,* 725 S.W.2d at 306–07. The court of appeals held that when a customer's damages exceed the amount of a tariff limitation, a fact issue is raised regarding the tariff's reasonableness. *Id.* Consequently, the Court held that the trial court erred by excluding evidence of the customer's lost profits. *Id.*

In the present case, the trial court committed no such error. Evidence of Vollmer's lost profits was in fact admitted, and in the face of that evidence, the jury found that the tariff was not unreasonable. "As a general rule, a public utility company's tariff regulations are presumed to be reasonable and necessary ... but that determination is usually a question for the trier of fact." *Id.* at 306 (citations omitted).

■■■ As the *Calarco* court points out, the mere existence of a tariff will not render the tariff reasonable as a matter of law. In this regard, Vollmer challenges, by way of cross-points twelve, thirteen, and fourteen, the legal and factual sufficiency of the evidence supporting the jury's finding of reasonableness. Because the tariff is presumed reasonable, evidence of the tariff's existence alone precludes Vollmer's legal sufficiency challenge. The only evidentiary challenge to a tariff's reasonableness is one to the factual sufficiency of the evidence. Furthermore, by virtue of the presumption, the burden to prove unreasonableness is on the customer; therefore, Vollmer must demonstrate that the jury's finding is against the great weight and preponderance of the evidence. *See Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■■■ Without citing authority or referencing the record, Vollmer's entire argument supporting his cross-points follows:

> The jury's negative answer to question 8 [finding the tariff not unreasonable] conflicts with the jury's findings of damages in the amount of $198,430.00, exclusive of attorney fees. The Defendant's [sic] failed to prove the tariff limitation, which was its burden.

The tariff provision limiting Telco's liability was admitted into evidence. At trial, Telco presented the testimony of Ronald Elmore, Telco's district manager of rate administration. Elmore testified that the tariff's limitation of liability provision lowers the cost of a customer's telephone service by protecting Telco from large damage awards for simple errors or mistakes. He further

testified that the limitation was "fair." Although Vollmer claims that the jury's finding of reasonableness is against the great weight and preponderance of the evidence, he fails to cite this Court to any evidence contained in the record which tends to support his position. *See* Tex.R.App.P. 74(f). This deficiency is accentuated by Vollmer's argument, as previously quoted, in which he asserts that the jury's damage findings are evidence of the tariff's unreasonableness. It is axiomatic that jury findings are not evidence. After reviewing the record, we believe that the jury's finding is not so contrary to the overwhelming weight and preponderance as to be clearly wrong or manifestly unjust. Vollmer's twelfth, thirteenth, and fourteenth cross-points are overruled.

■ Relying on *Southwestern Bell Tel. Co. v. Nash*, 586 S.W.2d 647 (Tex.Civ.App. —Austin 1979, no writ), Vollmer argues that the tariff's limitation does not apply to DTPA claims. His reliance is misplaced. In *Nash*, the trial court entered judgment for the customer on his DTPA cause of action against the telephone company. The court held that the tariff limitation would control unless it was found to be unreasonable. Absent findings of fact or conclusions of law on the issue of the tariff's reasonableness, the court held that the tariff would be presumed unreasonable, implying this omitted finding of fact in support of the judgment. *Nash*, 586 S.W.2d at 649. Unlike *Nash*, we have a finding of reasonableness. Moreover, the *Nash* opinion, insofar as it recognizes that the tariff limitation could control in a DTPA claim, not only fails to support Vollmer's position but actually defeats it.

Vollmer further argues that "common law defenses have been abrogated under [the DTPA], and thus the limitation of liability under the tariff would be inapplicable." This contention is unpersuasive on its face because the tariff limitation is a statutory limitation on recovery, not a common law defense to the DTPA.

Finding that the tariff limitation applies to the present suit, we sustain in part Telco's first point of error. Vollmer's recovery against Telco is limited to twice the amount paid for his service during the period covered by the directories in which the omissions occurred, as set forth in the tariff. We MODIFY the trial court's judgment; Vollmer's award against Telco is hereby reduced to $1,024.32 (twice the monthly charge of $21.34 for the two-year period of the directory error).

The next question is whether Asher's liability for negligence is likewise limited by the tariff. Citing *Southwestern Bell Tel. Co. v. Rucker*, 537 S.W.2d 326 (Tex. Civ.App.—El Paso 1976, writ ref'd n.r.e.), Vollmer argues that the tariff does not limit the individual liability of telephone company employees. In *Rucker*, the court of appeals reversed the judgment against the employee, finding no evidence to support the jury's finding of negligence. *Rucker*, 537 S.W.2d at 332. Regarding the limitation of liability contained in the tariff, the court stated, "The Tariff does not limit liability as to Company employees...." *Id.* Conceding that the tariff does not specifically mention employees, Telco contends that the fundamental objective of the tariff limitation would be frustrated if not applied to employees. Its argument is misdirected.

■ When a duty is created by contract between an employer and a third party, the employee is not liable for the breach of that duty because the employee is not a party to the contract. *See Karl & Kelly Co. v. McLerran*, 646 S.W.2d 174, 175 (Tex. 1983). For an employee to be held liable, a breach of the duty to the employer is not enough; there must also be a separate breach of a duty owing to the plaintiff. *Maxey v. Citizens Nat'l Bank*, 507 S.W.2d 722, 725–26 (Tex.1974). Any duty owed to Vollmer was established through the tariff, Telco's contract with the State, by which Telco has the duty to provide directory listings for its customers. Asher is not a party to this contract. Apart from her employer's contract with the State, Asher has no independent legal duty to provide Vollmer with a directory listing. Without a legal duty, she cannot be found negligent. Thus, contrary to Telco's argument, the

purpose of the tariff's limitation of liability is not frustrated; the tariff need not limit an employee's liability because the employee has no legal duty to the customer to provide a directory listing in the first place. Telco's first point of error is overruled insofar as it relates to the application of the tariff to Asher. However, we sustain Telco's seventh point in which it contends that the trial court erroneously entered judgment against Asher because she owed no legal duty to Vollmer.

■■■ Because the tariff limits recovery for all claims except those involving gross negligence or willful misconduct, Vollmer challenges, by cross-points six, seven, and eight, the jury's failure to find knowing, intentional, and grossly negligent conduct on the part of Telco. Vollmer argues that because he was left out of the directories for two consecutive years, the jury's findings are legally and factually insufficient.

When considering a "no evidence," "insufficient evidence," or "against the great weight and preponderance of the evidence" point of error, we will follow the well-established test set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Fin. Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); and Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960). The evidence showed that Telco had no record of Vollmer's alleged requests for a listing change, although there were computer records of the many changes in service that Vollmer had requested and received. Moreover, Vollmer's own expert testified on direct examination that the listing omission "certainly wasn't done on purpose." The jury was free to conclude that the conduct of which Vollmer complains stemmed from mistaken communications between the parties, not Telco's intentional or conscious indifference to the rights, welfare, and safety of Vollmer. The fact that Vollmer was omitted from the directory for two years will not, in and of itself, over-

come the jury's failure to find knowing, intentional, and grossly negligent conduct. We overrule cross-points six, seven, and eight.

Similarly, by cross-points nine, ten, and eleven, Vollmer challenges the legal and factual sufficiency of the evidence supporting the jury's failure to find that Asher acted intentionally and was grossly negligent. As with Telco, the jury was free to conclude that Asher's alleged acts or omissions were the result of mistaken communications between the parties. Cross-points nine, ten, and eleven are overruled.

By its second and third points of error, Telco challenges the legal and factual sufficiency of the evidence supporting a DTPA violation. Vollmer testified that Telco told him that his listing would be changed. He further testified that based on this representation, he did not further contact Telco to request the listing change. Telco presented evidence that a listing change was never requested. A conflict in evidence is for the jury's resolution. The evidence was sufficient to support the jury's finding that Telco had represented that the change had been made when it had not. Telco's second and third points are overruled.

■■■ By cross-point of error fifteen and point of error thirteen, Vollmer complains that the trial court erred by excluding the testimony of Irving Cooper. Through a bill of exception, Cooper testified that he had experienced a problem involving a Yellow Pages' directory.

■■■ Generally, prior acts of a party with other persons are inadmissible on the grounds of relevancy, materiality, and prejudice. *Winn–Dixie Texas, Inc. v. Buck*, 719 S.W.2d 251, 255 (Tex.App.—Fort Worth 1986, no writ), *overruled on other grounds, Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 940 (Tex.1990). However, evidence of similar acts is admissible if a proper predicate is laid. *Missouri Pac. R.R. v. Cooper*, 563 S.W.2d 233, 236–37 (Tex.1978). To establish the predicate, the party must show: (1) the existence of "similar" or "reasonably similar" conditions; (2) a special connection between the

present act and prior act(s); and (3) that the act(s) occurred by means of the same instrumentality. *Winn–Dixie*, 719 S.W.2d at 254.

Cooper testified that Yellow Pages, not Telco, representatives approached him about changes to be made in an upcoming directory. There was no testimony indicating that he had attempted a listing change by phoning Telco. Moreover, it appears from Cooper's testimony that the directory errors of which he complained largely involved a Yellow Pages' advertisement. Vollmer had the burden to establish the proper predicate for Cooper's testimony. This, he failed to do. We cannot infer the facts necessary to support the introduction of Cooper's testimony. Cross-point fifteen and point thirteen are overruled.

■■■■ By his sixteenth cross-point and fourteenth point of error, Vollmer contests the trial court's admission of a chart summarizing Vollmer's gross sales. In a complex case, trial courts have the discretion to allow the use of charts to aid the jury. *Speier v. Webster College*, 616 S.W.2d 617, 618–19 (Tex.1981). Furthermore, charts merely summarizing previously admitted evidence are rarely, if ever, the source of reversible error. *See, e.g., Houston Lighting & Power Co. v. Klein Indep. School Dist.*, 739 S.W.2d 508, 519 (Tex.App.—Houston [14th Dist.] 1987, writ denied). Vollmer does not contend that any of the facts depicted by Telco's chart were erroneous or misleading to the jury. We find no abuse of discretion. Cross-point sixteen and point fourteen are overruled.

■■■ By cross-point seventeen and point of error fifteen, Vollmer complains of the admission of Ron Elmore's testimony. Elmore was disclosed, in response to Vollmer's interrogatories, as a "person with knowledge of relevant facts concerning rate and regulatory matters, P.U.C., divestiture, and tariff, limitation of liability and may testify regarding same." Vollmer contends that Elmore was improperly allowed to testify regarding the cost of a computer system designed to verify listings. Because the very purpose of the tariff is to establish rules and procedures

for Telco's operation, the cost of implementing new systems designed to have an effect on Telco's liability for directory errors and omissions is within the scope of the designated topics. Vollmer's argument is without merit. Cross-point seventeen and point fifteen are overruled.

■■■ By his first point of error, Vollmer claims that the trial court erroneously entered judgment n.o.v. on behalf of Southwestern Bell Corporation ("Corporation"). We disagree. For this Court to uphold the trial court's judgment n.o.v., we must determine that no evidence supports the jury's findings. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226 (1990). When reviewing a no-evidence point, we are limited to reviewing only the evidence supporting the jury's verdict and must disregard all evidence to the contrary. *Id.* If more than a scintilla of evidence supports the jury's finding, then it must be upheld. *Id.*

■■■ The jury found that the Corporation "pass[ed] off to Vollmer the telephone directory as that of another." Generally, this "laundry list" violation of the DTPA occurs when a different brand of good or service is substituted for the one requested. *Prairie Cattle Co. v. Fletcher*, 610 S.W.2d 849, 853 (Tex.Civ.App.—Amarillo 1980, writ dism'd). This doctrine applies when one competitor's product or service is substituted for another at the time of sale. Bragg, Maxwell & Longley, Texas Consumer Litigation § 3.05(.01) (2d ed. 1983).

In the present case, the record fails to reflect any evidence whatsoever tending to show that the Corporation had anything to do with the compiling or publishing of the directory which indisputably forms the basis of Vollmer's claim for damages. Furthermore, there is no evidence that a different service was substituted for the service requested by Vollmer. The jury's finding has no evidentiary support.

■■■ Because no facts support the jury's finding, Vollmer argues that the Corporation should be held vicariously liable for the acts and omissions of Telco. He contends that by virtue of its placing the "bell logo" on the directory, the Corpora-

tion seeks to promote it as being a certain quality and then "rake in the profits, without being legally responsible." In substance, Vollmer is asserting on appeal the theory of alter ego.

■■■ Under the alter ego doctrine, courts disregard the corporate entity when there exists such a unity between a parent corporation and a subsidiary that the parent ceases to be separate and holding only the subsidiary liable would promote injustice. *See Mancorp*, 802 S.W.2d at 228; *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex.1986). Generally, a court will not disregard the corporate fiction and hold a corporation liable for the obligations of its subsidiary except when it appears that the subsidiary is being used as a sham to perpetrate a fraud, to avoid liability, to avoid the effect of a statute, or in other exceptional circumstances. *Lucas v. Texas Indus., Inc.*, 696 S.W.2d 372, 374–75 (Tex. 1984). In the present case, Vollmer has failed to obtain a jury finding on alter ego. Thus, he cannot be heard to complain of the failure of the court to apply the doctrine to the case at bar. Point one is overruled.

■■■ By points seven through twelve, Vollmer challenges the legal and factual sufficiency of the evidence supporting the jury's failure to find liability on the part of the Corporation, Southwestern Bell Yellow Pages, Southwestern Bell Media, and Southwestern Bell Publications. As previously stated, Vollmer has the burden to show that the jury's failure to find is against the great weight and preponderance of the evidence or that the facts supporting liability were established as a matter of law. There is no evidence tending to show that, with regard to the directory error or omission, Vollmer had any dealings whatsoever with any Southwestern Bell entity other than Telco. Vollmer fails to cite any evidence contained in the record which might support these points, and we have found none. Points seven through twelve are overruled.

■■■ By points eleven, twelve, and thirteen, Telco challenges the trial court's award of attorney fees to Vollmer. Attor-ney fees are recoverable when a consumer prevails on a DTPA cause of action. *See* Tex.Bus. & Com.Code Ann. § 17.50(d) (Vernon 1987). Although the tariff places a limitation on *recovery*, it does not alter the nature of the underlying cause of action. Because Vollmer prevailed on his DTPA cause of action against Telco, the issue presented is whether the tariff itself affects his recovery of attorney fees. Under the present facts, we hold that the tariff does not preclude or limit the award of attorney fees.

■■■ Generally speaking, if a defendant tenders payment for the just amount owed and the plaintiff refuses to accept it and proceeds to trial, the defendant is not liable for the plaintiff's attorney fees. *See Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981); *Commercial Union Ins. Co. v. La Villa Indep. School Dist.*, 779 S.W.2d 102, 107 (Tex.App.—Corpus Christi 1989, no writ); Tex.Civ.Prac. & Rem.Code § 38.002 (Vernon 1986). If there is a standard by which to estimate with precision the amount claimed by the plaintiff and the amount is, in effect, liquidated, a proper case is presented for tender, entitling the defendant to exemption from costs. *Walling v. Kinnard*, 10 Tex. 508, 511 (1853); *see also Moore v. Studebaker Bros. Mfg. Co.*, 136 S.W. 570, 574–75 (Tex.Civ.App. 1911, no writ). With regard to a defendant's tender of settlement and subsequent liability at trial, the DTPA provides:

> If the amount tendered in the settlement offer is the same as or more than, or if the court finds that amount to be substantially the same as, the actual damages found by the trier of fact, the consumer may not recover an amount in excess of the amount tendered in the settlement offer or the amount of actual damages found by the trier of fact, whichever is less.

Tex.Bus. & Com.Code Ann. § 17.505(d) (Vernon Supp.1991) (quoted in part). While recognizing that a tender of settlement may limit the consumer's recovery, the DTPA does not specifically state whether or not a proper tender limits liability for the consumer's attorney fees. None-

theless, some commentators believe that a proper DTPA settlement offer acts as a cap to the award of attorney fees. *See* Tschoepe, Crawford & Williams, *Aspects of Defending a Texas Deceptive Trade Practices–Consumer Protection Act Claim*, 20 St. Mary's L.J. 527, 558–59 (1989) [hereinafter *Defending DTPA*]. Under the facts of this case, we find it unnecessary to decide this issue. Telco has not referred to any evidence in the record indicating that it had tendered the full amount due Vollmer under the tariff. In fact, the only evidence that we have located is a letter of settlement in which Telco offered $134.32 (allegedly one-half of Vollmer's monthly line charge) and attorney fees of $250.00. Thus, even if Telco could have avoided its liability for attorney fees by tendering the full amount provided for in the tariff, it has failed to do so. We overrule Telco's eleventh point of error.

By point twelve, Telco argues that Vollmer's award of appellate attorney fees should be conditioned upon success at the individual appellate levels. Without condition, the judgment awards appellate attorney fees to Vollmer "if the cause is appealed...." A trial court may not grant appellate attorney fees without conditioning the award on the success of the appeal because an appellee is not entitled to an award for that portion of fees attributable to an unsuccessful defense of the case. *Smith v. Smith*, 757 S.W.2d 422, 426 (Tex.App.—Dallas 1988, writ denied); *Siegler v. Williams*, 658 S.W.2d 236, 241 (Tex.App.—Houston [1st Dist.] 1983, no writ); *see also Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d 860, 867 (Tex.Civ.App.—Corpus Christi 1980, no writ). We sustain point twelve and REMAND for a determination of the reasonable amount of appellate attorney fees to be awarded to Vollmer in view of his partial success in this appeal and for a determination of appellate attorney fees should Telco unsuccessfully appeal to the Supreme Court. *See Smith*, 757 S.W.2d at 426.

By its thirteenth point of error, Telco contends that Vollmer is not entitled to post-judgment interest on appellate attorney fees. The judgment awards post-judgment interest for appellate attorney fees if the various appeals are taken. The judgment does *not* provide that the post-judgment interest will begin to run when an appeal is perfected or application is filed, whichever the case may be. This deficiency is error. *See Republic Nat'l Life Ins. Co. v. Beard*, 400 S.W.2d 853, 859–60 (Tex.Civ.App.—San Antonio 1966, writ ref'd n.r.e.). We MODIFY the judgment accordingly. Point thirteen is sustained.

By cross-point two and point three, Vollmer contends that the trial court erred by failing to award prejudgment interest on attorney fees. Prejudgment interest is not allowed on an award of attorney fees. *Hervey v. Passero*, 658 S.W.2d 148, 149 (Tex.1983) (per curiam); *McCann v. Brown*, 725 S.W.2d 822, 826 (Tex.App.—Fort Worth 1987, no writ); *Defending DTPA, supra*, at 564; *cf. Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 554 & 556 (Tex.1985) (plaintiff not entitled to recover equitable prejudgment interest on unaccrued damages). In this case, there is no evidence that any of the trial attorney fees had accrued as damages to Vollmer prior to judgment. Cross-point two and point three are overruled.

Having addressed all points of error and cross-points necessary for a proper determination of this appeal, we REMAND to the trial court for a determination of Vollmer's reasonable appellate attorney fees and for a calculation of interest on his award against Telco. Vollmer's judgment against Asher is REVERSED and RENDERED that he take nothing. In all other respects, the judgment, as MODIFIED, is AFFIRMED.