Gregory McINTIRE

v.

**ROLLINS, INC., Rollins Leasing Corporation, and Gary P. Ruth.**

Civ. A. No. C–94–449.

United States District Court, S.D. Texas, Corpus Christi Division.

June 8, 1995.

William C. Book, Darrell L. Barger, Corpus Christi, TX, and James Nathan Isbell, Houston, TX, for intervenor-plaintiff.

William Karl Kroger, Houston, TX, for defendants.

*ORDER DENYING MOTION TO REMAND AND DISMISSING DEFENDANT GARY P. RUTH*

HEAD, District Judge.

Plaintiff sued defendants in state district court for personal injuries. Defendants re-

moved the action to this Court on grounds of diversity jurisdiction, 28 U.S.C. § 1332, arguing that plaintiff had fraudulently joined Ruth, a resident of Texas, for the sole purpose of destroying diversity jurisdiction. Plaintiff moves to remand arguing that it has stated a claim against Ruth individually.

Under Texas law, for an employee of a corporation to be held liable, the plaintiff must establish that the employee took some affirmative action which injured the plaintiff or that the employee was directly responsible for insuring the plaintiff's safety. *See generally, Mayflower Investment Co. v. Stephens,* 345 S.W.2d 786 (Tex.Civ.App.—Dallas, 1960, no writ); *Maxey v. Citizens Nat'l Bank,* 507 S.W.2d 722, 725 (Tex.1974); *Southwestern Bell Telephone Co. v. Vollmer,* 805 S.W.2d 825, 830 (Tex.App.—Corpus Christi 1991, writ denied.) Texas law does not allow plaintiff to sue an employee individually based on a theory of respondeat superior. *See S.H. Kress & Co. v. Selph,* 250 S.W.2d 883, 894 (Tex.Civ.App.—Beaumont 1952, writ ref'd, n.r.e.).

In his original complaint, plaintiff states that "defendants were negligent by not inspecting, repairing and maintaining the 1989 Kenworth truck tractor in a safe and road-worthy condition." There are no factual allegations about what role, if any, Ruth had in inspecting, repairing, or maintaining the truck. Rather the sole allegation against Ruth is that he "is one of the agents or representatives" of defendants. Further, defendants offer the affidavit of Ruth in which he states that he is not responsible for supervising the mechanics that maintain the trucks, nor did he maintain, repair, or inspect the truck at issue. Where no specific acts of negligence are pled against the individual defendant, this Court has consistently held that the individual has been fraudulently joined, and has dismissed the individual.

The Court finds that plaintiff has failed to state a claim against Ruth individually. *See generally, B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981). Plaintiff's claims against Gary P. Ruth are dismissed with prejudice. The Court further finds that diversity jurisdiction exists between the proper parties to this lawsuit. Plaintiff's motion to remand is denied.

ORDERED.