NO. 07-08-0453-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 16, 2009

_____


IN RE CANO PETROLEUM, INC., W.O. ENERGY OF
NEVADA, INC., W.O. OPERATING COMPANY, LTD.
AND WO ENERGY, INC., RELATORS

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**OPINION**


Relators, Cano Petroleum, Inc.; W.O. Energy of Nevada, Inc.; W.O. Operating Company, LTD.; and W.O. Energy, Inc., petition this court to grant a writ of mandamus directing the honorable Paul Davis, visiting Judge in the 100th District Court of Carson County, Texas, to enter an order abating the proceedings and staying the trial in Cause No. 9994 until such time as the Public Utilities Commission of Texas (PUCT) makes a determination of the matters pending before it. We deny the relief requested.


Background


As a result of wildfires that occurred in the Texas Panhandle on or about March 12, 2006, Southwestern Public Service d/b/a Xcel Energy (SPS), real party in interest, filed suit

against relators alleging that the fires that damaged transportation and distribution equipment owned by SPS were the result of the negligence of relators. SPS filed a second amended petition that alleged both a negligence cause of action and a breach of contract cause of action against relators on September 14, 2007. On February 8, 2008, SPS filed a third amended petition. Relators filed their answers to the allegations contained in SPS's third amended petition and, on March 7, 2008, filed traditional and no-evidence motions for summary judgment as to SPS's claims against them for negligence and breach of contract. SPS filed its response to the motions for summary judgment on April 29, 2008. Relators then filed a motion to abate on June 4, 2008, which contained copies of a petition for declaratory relief and complaint filed with the PUCT on May 30, 2008. SPS filed its response to the plea in abatement on June 11, 2008, and the trial court held a hearing on the abatement issue on June 12, 2008. On June 24, 2008, the trial court's order denying the first plea in abatement was filed. On September 11, 2008, the trial court entered its order remanding SPS's action against relators back to the 100th District Court of Carson County, Texas, in Cause No. 9994.[1] On October 21, 2008, relators filed a second motion to abate the proceedings, which was overruled by the trial court on October 28, 2008.

During the time period that the various motions and requests were pending and being acted upon by the trial court, relators pursued relief through the aegis of the PUCT. On May 30, 2008, relators filed a petition requesting declaratory relief and a customer complaint, PUCT docket number 35737, with the PUCT. On or about June 17, 2008, SPS

_____

[1] The case before the Court was one of 11 lawsuits that arose out of the wildfires of March 2006. All cases were transferred to the 200th District Court of Travis County, Texas, acting as the multidistrict litigation pre-trial court.

2

filed a response to relators' request for declaratory relief and complaint. Subsequently, on October 22, 2008, relators filed a notice of PUCT filings in the 100th District Court of Carson County, Texas. In this notice, relators set forth, through various exhibits, the numerous filings with the PUCT, to include relator W.O. Operating Company's intervention into a different rate case pending before the PUCT, PUCT docket number 35763, indicated that these matters were pending before the PUCT, and asserted that PUCT's resolution of these matters were material to SPS's suit.

After the trial court denied the second motion for abatement, relators filed this original petition for mandamus relief. For the reasons set out below, we deny the request for relief.

Standard of Review

Mandamus is available when a trial court clearly abuses its discretion and the normal appellate process does not provide an adequate remedy. See In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A failure of a trial court to properly analyze or apply the law is an abuse of discretion. See In re Kuntz, 124 S.W.3d 179, 181 (Tex. 2003) (orig. proceeding). In a case such as the one before the Court, there is no adequate remedy by appeal if permitting a trial to go forward "would interfere with the important legislatively mandated function and purpose of the PUC[T]." In re Sw. Bell Tel. Co., 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding).

3

Analysis

Relators are requesting this court to order the trial court to abate further proceedings and stay the trial of this case until such time as the PUCT makes a determination of certain alleged threshold issues pending before it. It is the position of relators that the PUCT has primary jurisdiction over this matter.

Primary jurisdiction "allocate[s] power between courts and agencies when both have authority to make initial determinations in a dispute." Subaru of Am. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002). Trial courts are to defer to the appropriate administrative agency when 1) the agency is staffed with experts trained in handling complex problems within the agency's purview, and 2) great benefit is derived from the agency's uniform interpretation of laws within its purview and the agency's rules and regulations when courts and juries might reach differing results under similar fact situations. In re Sw. Bell Tel. Co., 226 S.W.3d at 403; Subaru of Am., 84 S.W.3d at 221. In attempting to determine whether the administrative agency has primary jurisdiction, we are instructed to ascertain whether the action under consideration is inherently judicial in nature. See Amarillo Oil Co. v. Energy-Agri Prods., Inc., 794 S.W.2d 20, 26 (Tex. 1990). If the action is inherently judicial, the court retains jurisdiction to determine the controversy unless the legislature, by valid statute, has expressly granted exclusive jurisdiction to the administrative agency. Id.

Relators assert that the PUCT has primary jurisdiction based on the fact that SPS's petition refers to the requirement that relators maintain their electrical distribution system

in accordance with the National Electric Safety Code (NESC). The requirement to follow the NESC is allegedly set forth in the contract for services between the parties and is authorized by a tariff previously approved by the PUCT. Finally, SPS's petition alleges that not only were relators negligent, but by their actions they also breached the contract for services between the parties.

The question then becomes what about this action requires a determination by the agency's experts, who are trained in handling complex problems within the agency's purview. The answer, as far as we can determine, is nothing. SPS's petition attempts to set forth a standard of care required of any customer similarly situated to relators. The determination of the standard of care in a negligence action is a question of law for the court. Golden Spread Council, Inc., #562 of the Boy Scouts of Am. v. Akins, 926 S.W.2d 287, 289-90 (Tex. 1996). Likewise, the other cause of action alleged against relators is a breach of contract claim. While the factual determination of what actions were taken is for the fact finder, whether those actions constitute a breach of contract is a question of law for the court. BACM 2001-1 San Felipe Rd. Limited Partnership v. Trafalgar Holdings I, Ltd., 218 S.W.3d 137, 146 (Tex.App.–Houston [14th Dist.] 2007, pet. denied). The matters which relators contend are exclusively or primarily within the PUCT's authority are matters routinely heard and decided by trial courts and must be considered inherently judicial in nature. Amarillo Oil Co., 794 S.W.2d at 26. Further, unlike in In re Sw. Bell Tel. Co., where the authority to interpret and enforce the contractual dispute had been specifically delegated to the administrative agency, see In re Sw. Bell Tel. Co., 226 S.W.3d at 403,

in the present case, we can find no express grant of authority to the administrative agency to interpret and enforce the contract in question nor have we been cited to any.

Finally, we must look at the relief that SPS is requesting, which is damages for negligence and breach of contract. The award of damages in negligence and breach of contract actions are routinely heard and decided by trial courts and must be considered inherently judicial in nature. Amarillo Oil Co., 794 S.W.2d at 26. Further, we can find no express grant of authority to the PUCT to award damages for common law causes of action nor have we been cited to any. See Dolenz v. Sw. Bell Tel. Co., 730 S.W.2d 44, 45 (Tex.App.–Houston [14th Dist.] 1987, no writ). Under these circumstances, we cannot say that the PUCT has primary jurisdiction over these matters. Therefore, we cannot find that the trial court was bound to defer to the administrative agency.

Conclusion

We find that the trial court did not clearly abuse its discretion when it refused to abate this matter. Therefore, we deny the requested relief.[2]

Mackey K. Hancock
Justice

---

[2] Based on our ruling, Cano's motion for temporary relief is denied.

6