*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-11-00252-CV

Armando **BENAVIDES**,
Appellant

v.

Anselmo **BENAVIDES**, Antonio Benavides and A.T. Trucking, L.L.P.,
Appellees

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 06-03-44411
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Rebecca Simmons, Justice

Delivered and Filed:  November 9, 2011

REVERSED AND REMANDED

The underlying cause, which has a tortured and protracted procedural history, involves a dispute among three brothers over a business partnership.  Ultimately, the three brothers entered into a Settlement Agreement to resolve their dispute.  This appeal arises from a judgment entered by the trial court when one brother, Armando, sued the other two brothers, Anselmo and Antonio, asserting a breach of the Settlement Agreement, requesting a rescission of the agreement, and requesting damages equal to the redemption price he should have received for his

partnership interest. After a bench trial, the trial court signed a judgment concluding Anselmo and Antonio did not breach the Settlement Agreement and that Armando had received sufficient payment for the redemption value of his partnership interest. On appeal, Armando asserts the trial court erred in: (1) determining that Anselmo and Antonio did not breach the Settlement Agreement; and (2) applying the wrong measure of damages to the recovery which Armando was entitled to receive.

### STANDARD OF REVIEW

When the facts surrounding performance of an unambiguous contract are undisputed, the determination of whether a party has breached the contract is a question of law for the court and not a question of fact for the jury. *United Water Services, L.L.C. v. Zaffirini*, No. 04-08-00211-CV, 2009 WL 136925, at *3 (Tex. App.—San Antonio Jan. 21, 2009, pet. denied) (mem op.); *Meek v. Bishop Peterson & Sharp, P.C.*, 919 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1996, writ denied). Stated differently, while the factual determination of what actions were taken is for the fact finder, whether those actions constitute a breach of contract is a question of law for the court. *In re Cano Petroleum, Inc.*, 277 S.W.3d 470, 473 (Tex. App.—Amarillo 2009, orig. proceeding); *BACM 2001–1 San Felipe Rd. Ltd. P'ship v. Trafalgar Holdings I, Ltd.*, 218 S.W.3d 137, 146 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). "We review questions of law de novo, without affording any particular deference to the legal conclusions of the trial court." *BACM 2001–1 San Felipe Rd. Ltd. P'ship*, 218 S.W.3d at 146; *see also Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011).

### ANALYSIS

#### A. Breach

Paragraph four of the Settlement Agreement provided that Anselmo and Antonio "agree to transfer ownership and possession of all real property and equipment owned by the

Partnership (other than as designated below) to Armando Benavides within two weeks from the date of this agreement." The agreement was signed on May 27, 2009. The property required to be transferred under paragraph four included the Partnership's work trucks. The evidence is undisputed that Anselmo and Antonio did not transfer possession of the work trucks within the requisite two-week period. The attorney representing Anselmo and Antonio testified that he sent a letter on June 19, 2009, after the two-week period for transfer had ended, stating that Anselmo and Antonio would only give Armando *access* to the trucks instead of *possession* of the trucks as required by the agreement. Moreover, Alfredo Benavides, an employee associated with Anselmo and Antonio, admitted that he refused to give Armando's son the keys to the trucks. Because the evidence conclusively established that Anselmo and Antonio breached the agreement by refusing to transfer possession of the work trucks within the requisite two-week period, the trial court erred in concluding that Anselmo and Antonio did not breach the agreement.[1]

## B. Remedy

Having determined that the trial court erred in concluding that Anselmo and Antonio did not breach the agreement, the next question that arises concerns the remedy to which Armando was entitled. "It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004). However, when a breach is immaterial, the non-breaching party is not excused from future performance and may sue only for the damages caused by the breach. *Harris County Utility Dist. No. 16 v. Harris County Mun. Dist. No. 36*, No. 01-10-00042-CV, 2011 WL 3359698, at *9

---

[1]Although Anselmo and Antonio contend that Armando waived his breach of contract claim by failing to request additional findings of fact and conclusions of law, the trial court initially sent the parties a letter containing its findings and rulings which included a determination "that the Defendants did not breach the MSA."

(Tex. App.—Houston [1st Dist.] Aug. 4, 2011, no pet.) (mem. op.). Whether a party's breach of contract is so material as to render the contract unenforceable is a question of fact to be determined by the trier of fact based on the evaluation of several factors, including: (1) the extent to which the non-breaching party will be deprived of the benefit that it could have reasonably anticipated from full performance; (2) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived; (3) the extent to which the party failing to perform or to offer to perform will suffer forfeiture; (4) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances; and (5) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing. *See Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 693 & n.2 (Tex. 1994); *Hudson v. Wakefield*, 645 S.W.2d 427, 430 (Tex. 1993); *Henry v. Masson*, 333 S.W.3d 825, 835 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

In this case, since the trial court determined that Anselmo and Antonio did not breach the agreement, the trial court, as the trier of fact, did not consider or rule on whether the breach was material or what remedy was available to Armando for the breach. *See Kaspar-Wells v. Mowdy*, No. 03-06-00026-CV, 2007 WL 778135, at *4 (Tex. App.—Austin Mar. 16, 2007, no pet.) (mem. op.) (holding remand necessary where trial court did not find breach so did not consider materiality of breach or appropriate remedy). Because the trial court's determination regarding the issue of breach impacted its other decisions, a remand is appropriate in the interest of justice. *See* TEX. R. APP. P. 43.3(b). Although Rule 44.1(b) of the Texas Rules of Appellate Procedure precludes us from ordering a separate trial on unliquidated damages if liability is contested, liability in this case is now uncontested because we have held that the undisputed evidence

established that Anselmo and Antonio breached the Settlement Agreement as a matter of law. *See American Bankers Ins. Co. v. Caruth*, 786 S.W.2d 427, 427 (Tex. App.—Dallas 1990, no writ); *see also Browning Oil Co. v. Luecke*, 38 S.W.3d 625, 647 n. 31 (Tex. App.—Austin, pet. denied) (finding good cause to suspend rule and remand for damages determination). On remand, the trial court will need to reconsider the equitable remedy of rescission. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of America*, 341 S.W.3d 323, 345 (Tex. 2011) (noting rescission is an equitable remedy). Therefore, all legal and equitable issues relating to damages or other relief that may or may not be appropriate based on the breach by Anselmo and Antonio await further consideration on remand where the circumstances of the case, including the materiality or immateriality of the breach, will need to be considered.[2]

## CONCLUSION

The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings.

Catherine Stone, Chief Justice

---

[2]Although the trial court concluded that the Settlement Agreement was not breached by Anselmo and Antonio, the trial court also addressed Armando's claim for the redemption value of his partnership interest. Addressing this claim would appear to be inconsistent with the trial court's decision not to rescind the Settlement Agreement since the agreement contains a broad release by which the parties agree to release any and all claims "arising from the events and transactions that [were] the subject matter of [the underlying] cause." The parties agree in their briefs that the underlying cause involved a claim by Armando relating to the redemption of his partnership interest.